EDWARD CARPENTER[1] *vs.* MICHAEL H. POMERANTZ.

No. 92-P-1342.

Plymouth. December 8, 1993. - June 10, 1994.

Present: PERRETTA, DREBEN, & LAURENCE, JJ.

*Federal Arbitration Act. Arbitration,* Arbitrable question, Waiver. *Contract,* Employment. *Waiver. Limitations, Statute of. Laches.*

Claims arising out of the termination of an employment contract were arbitrable under the express terms of the contract. [628-630]

The six-year statute of limitation period provided in G. L. c. 260, § 2, applicable to contract actions was not applicable to a demand for arbitration arising from the termination of an employment contract. [630-631]

The timeliness of a demand for arbitration was a matter for determination by the arbitrator. [631-632]

No circumstances attending a six-year delay in making a demand for arbitration supported the finding of a Superior Court judge that the demanding party had waived his right to seek arbitration of his claims, where the arbitration demand was made within a month of the event precipitating the dispute and the other party did not demonstrate any prejudice from the delay. [632-633]

CIVIL ACTION commenced in the Superior Court Department on April 24, 1992.

A motion to stay arbitration was heard by *John D. Sheehan,* J.

*Kenneth A. Glusman* for the defendant.
*Stephen W. Dorsey* for the plaintiff.

PERRETTA, J. About six and one-half years after his employment relationship with Electronic Publishing Systems (EPS) had ended, the defendant filed a demand for arbitration as provided for in his employment agreement with EPS. The plaintiff sought a stay pursuant to G. L. c. 251, § 2(*b*),

---

[1] Individually and as general partner of Electronic Publishing Systems, a limited partnership.

claiming that the arbitration clause in the employment agreement did not survive the termination of the contract and that, therefore, the defendant's demand had to have been made within the six-year limitation period set out in G. L. c. 260, § 2.[2] The Superior Court judge stayed arbitration on the stated basis that, by failing to assert his claims within the six-year limitation period, the defendant had lost his right to demand arbitration. We conclude that the parties intended to arbitrate claims arising out of the termination of the defendant's employment, that the defendant did not waive his right to arbitration, and that the question of the timeliness of the defendant's demand is a matter for the arbitrator. We reverse the order staying arbitration.

1. *Arbitrability of the dispute.* Section 2 of the Federal Arbitration Act, 9 U.S.C. §§ 1-15 (1988) (Act), provides that a dispute is arbitrable if it falls within the scope of a written arbitration agreement that is otherwise valid and enforceable. As noted in *Martin* v. *Norwood*, 395 Mass. 159, 161-162 (1985), quoting from *Moses H. Cone Memorial Hosp.* v. *Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983), the Act "create[s] a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act."[3] The parties do not, and we think cannot, argue that their agreement falls within the narrow exemption from coverage provided for in § .1 of the Act. See *Dickstein* v. *duPont*, 443 F.2d 783, 785 (1st Cir. 1971). We turn then to the language of the parties' agreement, keeping

---

[2]The fact that the plaintiff designated his action as one seeking a declaratory judgment probably accounts for the fact that the judge never considered the defendant's motion to dismiss for improper venue brought under Mass.R.Civ.P. 12(b)(3), 365 Mass. 755 (1974). Where the pleadings show a controversy, it is improper to allow a motion to dismiss an action seeking declaratory relief. It was not until after the judge's memorandum of decision was docketed that the defendant made specific reference to G. L. c. 251, § 17, and we deem the objection to venue waived. See *Paige* v. *Sinclair*, 237 Mass. 482 (1921); *Blood* v. *Lea*, 403 Mass. 430, 435 (1988).

[3]More specifically, "Federal law in the terms of the Arbitration Act governs that issue [arbitrability of the dispute] in either state or federal court." *Moses H. Cone Memorial Hosp.* v. *Mercury Constr. Corp.*, 460 U.S. at 24.

in mind that "questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration." *Moses H. Cone Memorial Hosp.* v. *Mercury Constr. Corp.*, 460 U.S. at 24.

Under the terms of the employment agreement, the defendant was to be the chief executive and general manager of EPS until his death or disability. Paragraph twenty of the agreement provides:

> "Any controversy or dispute arising out of or relating to this Agreement or the breach or interpretation thereof (including, but not limited to, whether EPS had 'cause' to terminate Executive's employment hereunder) shall be settled by arbitration in Boston, Massachusetts pursuant to the rules then obtaining of the American Arbitration Association, and judgment upon any award rendered therein may be entered in any court of competent jurisdiction."

There is no dispute that the defendant's employment with EPS ended sometime in October, 1985, and that on March 18, 1992, the defendant filed a demand for arbitration of claims pertaining to back and severance pay, out-of-pocket expenses, attorneys' fees and interest.

It is the plaintiff's argument that a reading of the employment contract in its entirety shows that the parties did not intend the arbitration clause to survive the termination of the contract itself and that there is, therefore, no agreement to arbitrate. As evidence of the parties' alleged intention that the arbitration clause was not to survive termination of the contract or the defendant's employment, the plaintiff relies upon paragraph twenty-three of the agreement which states: "The provisions of paragraphs 13 through 16 hereof shall survive the termination of this Agreement or the expiration of Executive's employment hereunder." The gist of the argument is that because the parties did not include paragraph twenty, the arbitration clause, within the survival provisions of paragraph twenty-three, the arbitration clause was implicitly coterminous with the defendant's employment.

Our conclusion that the defendant's claims are arbitrable is based upon three reasons. First, the arbitration clause speaks to "[a]ny dispute arising out of or relating to this Agreement or the breach thereof." Where an arbitration clause is as broad as that set out in the parties' agreement, there is a strong presumption of arbitrability. See *AT&T Technologies, Inc.* v. *Communications Workers of America*, 475 U.S. 643, 650 (1986); *Harmer* v. *Doctor's Assocs.*, 781 F. Supp. 1225, 1228-1229 (E.D. Mich. 1991). See generally 2 Macneil, Speidel & Stipanowich, Federal Arbitration Law § 20.2.2.1 (1994). Secondly, the language of the arbitration clause specifically makes the circumstances of the termination of the defendant's employment subject to arbitration and directly contradicts the plaintiff's argument that the parties did not intend the arbitration clause to survive termination of the employment agreement. See *International Union of Operating Engrs., Local 150* v. *Flair Builders, Inc.*, 406 U.S. 487, 491 (1972); *Glenn Acres, Inc.* v. *Cliffwood Corp.*, 353 Mass. 150, 154 (1967). Finally, the four paragraphs expressly made to survive termination of the agreement (or the defendant's employment) were directed to matters of confidentiality, noncompetition, property rights of EPS in inventions, designs, and improvements made by the defendant during his employment with EPS, and the right of EPS, because of the "unique" nature of the defendant's services, to seek relief in a judicial forum in the event of any violations or threatened violations by the defendant. We think these contractual provisions were ancillary to the parties' primary obligation under the employment agreement, and they do not constitute evidence sufficiently forceful to rebut the presumption of arbitrability of the defendant's claims that were unrelated to those paragraphs and that arose out of the termination of the employment relationship. Compare *Virginia Carolina Tools, Inc.* v. *International Tool Supply, Inc.*, 984 F.2d 113, 119 (4th Cir.), cert. denied, 113 S. Ct. 2930 (1993).

2. *The plaintiff's defenses to arbitrability.* Each of the plaintiff's three defenses to arbitration is based upon the pas-

sage of six and one-half years between the termination of the defendant's employment relationship and his demand for arbitration. Neither the agreement nor the rules of the American Arbitration Association, made applicable to the agreement by the arbitration clause, provide that a demand for arbitration must be made within any specified time. Compare *Pioneer Acceptance Corp.* v. *Irving Coven Constr., Inc.*, 4 Mass. App. Ct. 433 (1976).

There is no particular statutory provision which is specifically applicable to demands for arbitration.[4] In allowing the plaintiff's motion to stay arbitration, the Superior Court judge concluded that G. L. c. 260, § 2, applied to the arbitration agreement and that the defendant's failure to demand arbitration within the limitation period barred his claims under the agreement. We think, however, that the limitation period provided for in G. L. c. 260, § 2, as amended by St. 1948, c. 274, § 1, is inapplicable to demands for arbitration. The pertinent language of that statute reads: "Actions of contract . . . shall, except as otherwise provided, be commenced only within six years next after the cause of action accrues."

As used in statutes of limitation, the word "action" has been consistently construed to pertain to court proceedings. See *Boston* v. *Turner*, 201 Mass. 190, 196 (1909); *Pigeon's Case*, 216 Mass. 51, 56-57 (1913); *Ginzberg* v. *Wyman*, 272 Mass. 499, 501 (1930); *Lynch* v. *Springfield Safe Deposit & Trust Co.*, 300 Mass. 14, 16 (1938). See also *Skidmore, Owings & Merrill* v. *Connecticut Gen. Life Ins. Co.*, 25 Conn. Supp. 76, 83-86 (1963); *Lewiston Firefighters Assoc., Local 785* v. *Lewiston*, 354 A.2d 154, 167 (Me. 1976); *Har-Mar, Inc.* v. *Thorsen & Thorshov, Inc.*, 300 Minn. 149, 152-155 (1974).

---

[4]Even were G. L. c. 251, § 8(*b*), as inserted by St. 1960, c. 374, § 1, regarded as a type of limitation statute, see *Electronics Corp. of America* v. *Canter Constr. Co.*, 343 Mass. 210, 213 n.3 (1961), it is here inapplicable. That statute provides, in pertinent part, that "[a]n *award* shall be made within the time fixed therefor by the agreement or, if said time is not so fixed, within such time as the *court orders upon application of a party*" (emphasis supplied).

Although the defendant's demand was not time barred by a limitations statute, his claims may be. That, however, is not a matter to be decided by the courts. In view of the broad language of the arbitration clause, the effect of time limitations on the defendant's asserted obligations under the employment agreement is a matter to be determined by an arbitrator. See *Reconstruction Finance Corp.* v. *Harrisons & Crosfield, Ltd.*, 204 F.2d 366, 369 (2d Cir.), cert. denied, 346 U.S. 854 (1953); *Hanes Corp.* v. *Millard*, 531 F.2d 585, 598-599 (D.C. Cir. 1976); *Shearson Lehman Hutton, Inc.* v. *Wagoner*, 944 F.2d 114, 120-121 (2d. Cir. 1991).

Nor could the Superior Court judge correctly conclude that the defendant's delay in demanding arbitration gave rise to a waiver of that right under the agreement. "The factors upon which the waiver question appears to have turned most frequently against the party seeking to compel arbitration are his dilatory conduct in seeking arbitration, usually coupled with his gaining of an undue advantage in the judicial forum or other substantial prejudice to the opposing party, or any other actions taken by the moving party which are sufficiently inconsistent with his seeking arbitration." *Weight Watchers of Quebec Ltd.* v. *Weight Watchers Int'l, Inc.*, 398 F. Supp. 1057, 1059 (E.D.N.Y. 1975), and cases collected therein at nn. 2-5. See also *Martin* v. *Norwood*, 395 Mass. at 162; *Home Gas Corp. of Mass., Inc.* v. *Walter's of Hadley, Inc.*, 403 Mass. 772, 774-775 (1989). Other than delay, there are no circumstances in the present case to support the judge's conclusion of a waiver. See *Shearson Lehman Hutton, Inc.* v. *Wagoner*, 944 F.2d at 122 (where sole circumstance of delay for more than three years was held "an insufficient basis to support waiver"). Compare *Jones Motor Co.* v. *Chauffeurs, Teamsters and Helpers Local No. 633*, 671 F.2d 38, 42-44 (1st Cir.), cert. denied, 459 U.S. 943 (1982); *Home Gas Corp. of Mass., Inc.* v. *Walter's of Hadley, Inc.*, 403 Mass. at 775-778, where demands for arbitration were delayed until after action had been taken in judicial forums.

Further, because the cause for the delay has been explained, we need not consider whether a delay of six years in

demanding arbitration is so extreme as to be a circumstance which, standing alone, would give rise to a waiver as matter of law. In seeking to stay arbitration, the plaintiff submitted an affidavit which indicates that the defendant took no action regarding his claims until such time as EPS sought to exercise its asserted right under the agreement to purchase the defendant's interest in EPS. Thereafter, during February, 1992, EPS and the defendant attempted to negotiate their differences but without success. The demand for arbitration was filed the following month. "The Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone Memorial Hosp.* v. *Mercury Constr. Corp.*, 460 U.S. at 24-25. We think that these facts require the conclusion that any delay by the defendant in exercising his right to demand arbitration has not been shown to be due to reasons which were inconsistent with that right. Because the defendant took no action inconsistent with his right to demand arbitration, the plaintiff cannot show any prejudice on account of such actions. See *St. Mary's Medical Ctr. Inc.* v. *Disco Aluminum Prod. Co.*, 969 F.2d 585, 590-591 (7th Cir. 1992).

Although the plaintiff does claim prejudice from the delay itself, his affidavit shows the alleged harm to be of the type pertinent to his final defense to arbitrability, laches. However, we conclude that the broad language of the arbitration clause in the agreement, "[a]ny controversy or dispute arising out of or relating to this [a]greement," extends to the claim of laches which is, therefore, a matter for the arbitrator. See *International Union of Operating Engrs., Local 150* v. *Flair Builders, Inc.*, 406 U.S. at 491-492. See also *Trafalgar Shipping Co.* v. *International Milling Co.*, 401 F.2d 568, 572 (2d Cir. 1968).

The order allowing the plaintiff's motion to stay arbitration is reversed, and the case is remanded to the Superior

Court for entry of an order referring the matter to arbitration in accordance with the employment agreement.

*So ordered.*