JOSEPHINE MUGNANO-BORNSTEIN *vs.* ROBERT CROWELL & another.[1]

No. 96-P-204.

Essex. January 9, 1997. - March 21, 1997.

Present: WARNER, C.J., KAPLAN, & IRELAND, JJ.

*Arbitration,* Confirmation of award, Scope of arbitration, Waiver. *Federal Arbitration Act. Contract,* Arbitration, Employment. *Employment,* Sexual harassment.

The broad language of a valid arbitration agreement in an employment contract ("any controversy arising out of or in connection with . . . employment or termination of employment") put an employee on notice that she was agreeing to submit to arbitration any sexual harassment and gender discrimination claims against her employer, thereby waiving her statutory right to a jury trial on such claims. [351-353]

CIVIL ACTION commenced in the Superior Court Department on November 6, 1992.

Motions to vacate a stay of proceedings and restore the case to the trial list, to confirm an arbitration award, and for sanctions were heard by *Charles M. Grabau,* J.

*Christopher P. Litterio* for the defendants.

*Joseph J. Machera* (*Dana A. Curhan* with him) for the plaintiff.

WARNER, C.J. The defendants, Robert Crowell and Shearson Lehman Hutton, appeal from a Superior Court order denying their motion to confirm an arbitration award and allowing the plaintiff's motion to vacate the stay of judicial proceedings previously imposed and restore the case to the jury trial list.[2]

On November 20, 1989, the plaintiff, Josephine Mugnano-Bornstein, completed and signed an employment application

---

[1]Shearson Lehman Hutton.

[2]The Superior Court proceedings have been stayed pending this appeal.

containing an agreement to arbitrate any "controversy arising out of or in connection with [her] compensation, employment or termination of employment" with Shearson.[3] She was subsequently hired as a wire operator and worked in that capacity until being fired for insubordination in November, 1990.

The plaintiff commenced this action in the Superior Court on November 6, 1992, alleging sexual harassment and gender discrimination in violation of G. L. c. 93 and c. 151B, and common law claims for intentional infliction of emotional distress and defamation.[4] In her complaint, she claimed that Crowell, her supervisor at Shearson, continually berated and harassed her after she became pregnant and experienced complications that caused her frequently to be absent from work. She further alleged that Crowell subjected her to additional harassment and humiliation in front of coworkers after she reported the situation to Shearson's human resources office. Finally, she claimed that Shearson failed to take adequate steps to remedy the situation and also that it was vicariously liable for Crowell's actions.

The defendants responded to the plaintiff's complaint by filing a motion to compel arbitration under the terms of the employment application and requesting a stay of the court proceedings pending arbitration. The judge allowed the motion, ruling that the agreement to arbitrate contained in the application for employment was enforceable. The plaintiff

[3]The entire clause provides:

"I hereby agree that any controversy arising out of or in connection with my compensation, employment or termination of employment shall be submitted to arbitration before the National Association of Securities Dealers, Inc., the New York Stock Exchange, Inc., or the American Stock Exchange, Inc., and be resolved in accordance with the rules then in effect, of such entities. Judgment upon any award rendered by the arbitrators may be entered in any court having jurisdiction thereof. In the event I fail to abide by these terms, this section shall in no way limit or impair the Company's other legal rights, including the right to enforce said provisions in a court of competent jurisdiction."

[4]The plaintiff filed similar claims with the Massachusetts Commission Against Discrimination and the Federal Equal Employment Opportunity Commission on or about April 5, 1991. It does not appear that either agency took action on the complaints.

filed a petition requesting leave to take an interlocutory appeal, which was denied by a single justice of this court.

On November 4 and 21, 1994, hearings were held before a three-member arbitration panel of the American Stock Exchange.[5] By unanimous decision dated December 28, 1994, the plaintiff's claims were denied and the case was dismissed. Shearson, however, was ordered to pay the plaintiff's costs of arbitration.

The plaintiff subsequently filed a motion in the Superior Court requesting that the previously imposed stay be vacated and the case restored to the jury trial list. The defendants opposed the motion and moved for confirmation of the arbitration award and dismissal of the case. Both parties filed memoranda supporting their positions. The judge denied the defendants' motion, vacated the stay and restored the case to the trial list. Citing *Prudential Ins. Co.* v. *Lai,* 42 F.3d 1299 (9th Cir. 1994), cert. denied, 516 U.S. 812 (1995), decided after the original order compelling arbitration, the judge ruled that "an employee must knowingly agree to arbitrate discrimination claims under G. L. c. 151B in order to waive her right to trial," and that the plaintiff "could not have known that she was waiving her statutory right to a trial on her sexual harassment and discrimination claims" when she signed the application for employment containing the arbitration agreement.[6]

On appeal, Crowell and Shearson maintain that the judge erred by refusing to confirm the arbitration award in the absence of a motion to vacate, modify or correct the award. They further argue that the judge's reliance on *Lai* was

[5]Prior to the hearings, the plaintiff executed a Uniform Submission Agreement in which she agreed "to abide by and perform any award(s) rendered pursuant to this Submission Agreement and further agree[d] that a judgment and any interest due thereon, may be entered upon such award(s)."

[6]*Prudential Ins. Co.* v. *Lai* involved an agreement to arbitrate discrimination claims brought under California's antidiscrimination laws, which are analogous to Title VII of the Civil Rights Act of 1964. 42 U.S.C. §§ 2000e et seq. (1994). 42 F.3d at 1303 n.1. Title VII created "an array of substantive protections and remedies" with respect to claims of employment discrimination. *Kremer* v. *Chemical Constr. Corp.*, 456 U.S. 461, 463 (1982). In addition to providing State remedies for discriminatory employment practices, G. L. c. 151B, the Massachusetts antidiscrimination statute, and analogous State laws such as the ones at issue in *Lai*, are explicitly made part of Title VII's enforcement scheme. *Id.* at 477-478.

misplaced, first, because the requirement of a knowing waiver of the statutory remedies afforded by Title VII and analogous State statutes has not been adopted in other jurisdictions and second, because the arbitration clause at issue here is far more specific than the agreement considered in *Lai.*

The Federal Arbitration Act (FAA), 9 U.S.C. §§ 1 et seq. (1988), created a "body of federal substantive law of arbitrability, applicable to any arbitration agreement within [its] coverage." *Martin* v. *Norwood,* 395 Mass. 159, 161-162 (1985), quoting from *Moses H. Cone Memorial Hosp.* v. *Mercury Constr. Corp.,* 460 U.S. 1, 24 (1983). Where an arbitration agreement falls within the purview of the FAA, the act governs the arbitrability of the dispute in State or Federal court.[7] See *Carpenter* v. *Pomerantz,* 36 Mass. App. Ct. 627, 628 n.3 (1994), citing *Moses H. Cone Memorial Hosp.* v. *Mercury Constr. Corp.,* 460 U.S. at 24. Section 2 of the FAA "provides that a dispute is arbitrable if it falls within the scope of a written arbitration agreement that is otherwise valid and enforceable."[8] *Carpenter* v. *Pomerantz,* 36 Mass. App. Ct. at 628.

Whether a particular agreement calls for arbitration is to be determined by applying general principles of contract law. See *Mobil Oil Corp.* v. *Local 8-766, Oil, Chemical & Atomic Workers Intl. Union,* 600 F.2d 322, 325 (1st Cir. 1979). "[A] party cannot be required to submit to arbitration any dispute which he has not agreed . . . to submit." *Local 285, Serv. Employees Intl. Union, AFL-CIO* v. *Nonotuck Resource Assocs., Inc.,* 64 F.3d 735, 738 (1st Cir. 1995).

"[Q]uestions of arbitrability, [however,] must be addressed

---

[7]The Superior Court judge ruled that the arbitration clause at issue here is subject to the provisions of the FAA, and assumed, without deciding, that the Massachusetts Arbitration Act (MAA), G. L. c. 251, §§ 1-19, would also apply. Neither party has challenged this ruling, although the defendants correctly maintain that where the FAA and the MAA conflict, the FAA governs. See *Moses H. Cone Memorial Hosp.* v. *Mercury Constr. Corp.,* 460 U.S. at 24 ("Section 2 [of the FAA] is a congressional declaration of a liberal federal policy favoring arbitration agreements, notwithstanding any state . . . policies to the contrary"). The FAA has the same application to claims asserted under c. 151B as it does to Title VII claims. See *Prudential Ins. Co.* v. *Lai,* 42 F.3d at 1303 n.1.

[8]On appeal, the plaintiff's sole challenge to the validity of the arbitration clause concerns the specificity with which it describes those claims that are subject to arbitration, a question that we discuss later in this opinion.

with a healthy regard for the federal policy favoring arbitration" as an alternative over litigation. *Moses H. Cone Memorial Hosp.* v. *Mercury Constr. Corp.*, 460 U.S. at 24. Moreover, under the FAA, any doubts regarding arbitrability should be resolved in favor of coverage " 'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.' " *Peerless Pressed Metal Corp.* v. *International Union of Elec., Radio and Mach. Workers, AFL-CIO*, 451 F.2d 19, 20 (1st Cir. 1971), cert denied, 414 U.S. 1022 (1973), quoting from *United Steelworkers of America* v. *Warrier & Gulf Nav. Co.*, 363 U.S. 574, 582-583 (1960). *Commercial Union Ins. Co.* v. *Gilbane Bldg. Co.*, 992 F.2d 386, 388 (1st Cir. 1993). See *Barnstead* v. *Ridder*, 39 Mass. App. Ct. 934, 935 (1996). This policy obtains whether the issue being considered involves "the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Commercial Union Ins. Co.* v. *Gilbane Bldg. Co.*, *supra*, quoting from *Moses H. Cone Memorial Hosp.* v. *Mercury Constr. Corp.*, 460 U.S. at 25.

Pursuant to the FAA, statutory claims may be the subject of an enforceable arbitration agreement. *Gilmer* v. *Interstate/ Johnson Lane Corp.*, 500 U.S. 20, 26 (1991). In *Gilmer,* the Supreme Court decided that a claim under the Age Discrimination in Employment Act of 1967 (ADEA) was subject to compulsory arbitration pursuant to a valid arbitration agreement. *Id.* at 35. Several Federal Courts have agreed that employees may waive the remedies afforded under Title VII and analogous State anti-discrimination statutes pursuant to a valid arbitration agreement.[9] See, e.g., *Alford* v. *Dean Witter Reynolds, Inc.*, 939 F.2d 229 (5th Cir. 1991); *Willis* v. *Dean Witter Reynolds, Inc.*, 948 F.2d 305 (6th Cir. 1991); *Mago* v. *Shearson Lehman Hutton, Inc.*, 956 F.2d 932 (9th Cir. 1992); *Bender* v. *A.G. Edwards & Sons, Inc.*, 971 F.2d 698 (11th Cir. 1992). See also *Scott* v. *Farm Family Life Ins. Co.*, 827 F. Supp. 76 (D. Mass. 1993).

The plaintiff here concedes that the reasoning of *Gilmer* is generally applicable to claims brought pursuant to Title VII and G. L. c. 151B. She urges us to adopt the reasoning of *Prudential Ins. Co.* v. *Lai,* however, and maintains that the

---

[9]The First Circuit has yet to extend the reasoning of *Gilmer* to employment discrimination claims brought under either Title VII or G. L. c. 151B.

arbitration agreement she signed cannot be characterized as a knowing waiver of the statutory right to a jury trial of her sexual harassment and gender discrimination claims because it is unclear as to whether such claims are subject to arbitration.

The plaintiff agreed to arbitrate "any controversy arising out of or in connection with [her] employment or termination of employment . . . ." She argues that the clause is vague and ambiguous because it does not specifically refer to sexual harassment or gender discrimination claims. We are not persuaded. There can be no doubt that the plaintiff's dispute with Crowell and Shearson arose out of her employment and subsequent termination from Shearson. In her complaint, she alleged that the defendants sexually harassed and discriminated against her, inflicted emotional distress upon her and defamed her in the workplace, all because she was frequently absent as a result of her pregnancy. Moreover, the fact that an arbitration agreement is comprehensive in scope does not render it invalid. Rather, where an arbitration clause is as broad as the one at issue here, "there is a strong presumption of arbitrability." *Carpenter* v. *Pomerantz,* 36 Mass. App. Ct. at 630, citing *AT & T Technologies, Inc.* v. *Communications Workers of America,* 475 U.S. 643, 650 (1986).

Even if we were to adopt the reasoning of *Lai* and impose a requirement that any waiver of the statutory remedies afforded to plaintiffs under G. L. c. 151B must be made knowingly, we think the arbitration clause at issue here would pass muster. Unlike the clause considered in *Lai,* the agreement signed by the plaintiff specifically referred to employment disputes, thereby putting her on notice that she was agreeing to submit her sexual harassment and gender discrimination claims to arbitration.[10] Moreover, although the Ninth Circuit invalidated the specific clause under consideration in *Lai,* it also cited *Mago* v. *Shearson Lehman Hutton Inc.,* 956 F.2d at

---

[10]The clause considered in *Lai* did not even mention employment disputes or otherwise describe the types of disputes that would be subject to arbitration. 42 F.3d at 1305. Moreover, the plaintiffs in that case had signed "U-4 forms containing agreements 'to arbitrate any dispute, claim or controversy that . . . is required to be arbitrated under the rules, constitutions or bylaws of the organizations with which I register.' " *Id.* at 1301. The plaintiffs also claimed that they were told they were only applying to take an employment test, and were not given an adequate opportunity to read the forms. *Ibid.* No such evidence was offered in this case.

934, in which an agreement providing for arbitration of "any controversy concerning compensation, employment or termination of employment" was found to be binding on a Title VII plaintiff, as an example of a valid agreement to arbitrate.

Finally, we are not aware of any rule that requires an arbitration agreement to contain a list of the specific claims or causes of action which are subject to arbitration in order to be enforceable. Indeed, such a requirement would be unreasonable and impractical.

The plaintiff also argues that the Supreme Judicial Court's recent decision in *Dalis* v. *Buyer Advertising, Inc.,* 418 Mass. 220 (1994), further supports her position. In *Dalis,* the court held that under art. 15 of the Massachusetts Declaration of Rights, a plaintiff asserting claims of employment discrimination based on gender under G. L. c. 151B is constitutionally entitled to a jury trial. 418 Mass. at 226. The fact that one's right to a jury trial is constitutionally preserved in certain types of civil cases, however, does not mean that that right cannot be waived. *Chase Commercial Corp.* v. *Owen,* 32 Mass. App. Ct. 248, 251-252 (1992). Indeed, courts have upheld contractual waivers of constitutionally guaranteed rights even broader than the one involved here. *Ibid.* See, e.g., *D.H. Overmyer Co.* v. *Frick Co.,* 405 U.S. 174, 185-186 (1972) (upholding a contractual waiver of due process rights to prejudgment notice and hearing).

We hold that the arbitration agreement contained in the plaintiff's employment application is binding with respect to those claims asserted under G. L. c. 151B. Accordingly, we remand the case to the Superior Court for the entry of a judgment confirming the arbitration award and dismissing the complaint.

*So ordered.*