Volterra, J.
This action arises out of a fee dispute between plaintiff, Joseph McCue (“McCue”) and his former attorney, defendant, Paul L. Nevins (“Nevins”). McCue commenced this action against Nevins, seeking declaratory relief under G.L.c. 231A (Counts I and II) that Nevins is not entitled to additional fees and seeking to enjoin an arbitration hearing. Plaintiff also asserts claims for damages for misrepresentation (Count III), unfair and deceptive practices (Count IV) and negligence (Count V) arising out of their attorney/client relationship. Defendants Lloyd Starrett, chief arbitrator of a panel of the Fee Arbitration Board of the Massachusetts Bar Association (“Starrett”), the Fee Arbitration Board of the Massachusetts Bar Association (“the Board”) and the Massachusetts Bar Association (“the MBA”) have been joined as indispensable parties. On April 28, 1999, the court (Giles, J.) issued a preliminary injunction staying arbitration until “further court action.”
Nevins, pursuant to Mass.R.Civ.P. 12(B)(1), 12(B)(6) and 12(B)(9), now moves to dismiss all counts of McCue’s amended complaint alleging claims for negligence, deceit, and violations of G.L.c. 93A against him personally, or in the alternative, for summary judgment under the provisions of Mass.R.Civ.P. 56. Nevins has also filed a motion to stay litigation pending arbitration.

BACKGROUND

The following facts are undisputed. In January 1994, McCue retained Nevins to represent him in a legal action against his former employers. McCue and Nevins entered into a written fee agreement which pertained to Nevins’ legal representation of McCue. The fee agreement provided that:
14. Any dispute with respect to the interpretation of any provision of this agreement shall be resolved through arbitration as outlined in paragraph 15 below.
*695 15. In the event of a dispute over attorneys fees, the client and his attorney agree that the matter will be referred to the fee arbitration board of the Massachusetts Bar Association.
Nevins spent over eighteen months preparing for McCue’s trial, including completion of successful arguments and motions concerning attachments, discovery and summary judgment. To date, McCue has paid Nevins approximately $24,900 for this work. In October 1995, Nevins advised McCue, for reasons not important to this action, to discharge him as his counsel of record. On November 16, 1995, McCue retained new counsel. In January 1996, Nevins filed an attorney's lien in Plymouth Superior Court. In December 1998, McCue’s case was successfully tried and won by McCue’s successor counsel. A judgment in the amount of $510,047.33, plus accrued interest since October 1993, was awarded to McCue. In January 1999, Nevins, pursuant to the fee agreement, filed a petition for arbitration with the Board claiming that McCue owed him an additional $29,400 plus interest from his work on the underlying action, and attorneys fees incurred litigating the arbitration. In February 1999, McCue sent Nevins a demand letter pursuant to G.L.c. 93A, claiming malpractice, misrepresentation and violations of c. 93A. McCue and Nevins both agreed to have all their claims heard by the Board and an agreement to arbitrate the fee dispute with the Board was signed. On March 3, 1999, the Board sent notice to the parties of the appointment of Starrett as Chief Arbitrator, and set the date for the arbitration hearing for April 29, 1999. Starrett indicated to the parties that the MBA, in the context of the Board, could not resolve issues relating to malpractice and Chapter 93A and refused to hear them as part of the arbitration. McCue then filed a motion for preliminary injunction to stop the arbitration from proceeding, which the court (Giles, J), allowed on April 28, 1999. On May 24, 1999, upon Nevins’ motion, the Plymouth Superior Court (O’Brien, J) ordered McCue’s attorney to hold $100,000 in escrow as security for the attorney’s fee lien.

DISCUSSION

This court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Comm’r of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Because the burden is on the movant, the evidence presented is construed in favor of the party opposing the motion, and the opposing party is given the benefit of all favorable inferences that can be drawn from that evidence. Parent v. Stone & Webster Eng’g Corp., 408 Mass. 108, 112-113 (1990).
A party moving for summary judgment who does not bear the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party has no reasonable expectation of proving an essential element of its case at trial. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact in order to defeat the motion. Pederson, 404 Mass. at 16-17.
A. Declaratory Judgment
McCue has sought a declaration in Counts I and II, pursuant to G.L.c. 231A, that Starrett and the Board lack the authority to proceed with arbitration because they can not hear his counterclaims. Nevins, however, alleges that these claims should be dismissed because of McCue’s prior assent to arbitration and because there were no viable counterclaims properly pled before the Board. “Whether a particular agreement calls for arbitration is to be determined by applying general principles of contract law.” Mugnano-Bornstein v. Crowell, 42 Mass.App.Ct. 347, 350 (1997). See Mobil Oil Corp v. Local 8-766, Oil, Chemical & Atomic Workers Intl. Union, 600 F.2d 322, 325 (1st Cir. 1979). “A party cannot be required to submit to arbitration any dispute which he has not agreed to submit.” Id. See Local 285, Serv. Employees Intl. Union, AFL-CIO v. Nontuck Resource Assocs, Inc., 64 F.3d 735, 738 (1st Cir. 1995). Nevins and McCue entered into a fee agreement which expressly states in plain language that any attorneys fees disputes were to be heard before the Board. McCue is bound by the agreement and cannot now avoid the arbitration provision because he raised counterclaims that the Board, under their bylaws, cannot hear. While the Board is precluded from arbitrating certain claims, McCue can raise as a defense to Nevins’ claim for fees, allegations of malpractice to demonstrate that he owes no further payments to Nevins. The Board can and will hear this defense. Accordingly, this court declares that, as a matter of law, McCue and Nevins agreed under the fee agreement to arbitrate any fee dispute and therefore must proceed with arbitration before the Board.
B. Statute of Limitations
McCue asserts that Nevins committed legal malpractice, misrepresentation and violations of G.L.c. 93A during his representation of McCue and after, during the course of the arbitration dispute. Nevins asserts that these claims are barred by the statue of limitations. McCue obtained successor counsel in November 1995. His claims for misrepresentation (Count *696 III), malpractice (Count V) and c. 93A (Count IV), were not raised until February 1999.
G.L.c. 260, §4, allows for a three year statute of limitation to bring forward allegations of attorney malpractice. “The statute of limitations does not begin to run on a claim of malpractice until the plaintiff knows or reasonably should know that he or she has been harmed by the defendant’s conduct.” Williams v. Ely, 423 Mass. 467, 473 (1996). See Riley v. Presnell, 409 Mass. 239, 243 (1991); Franklin v. Albert, 381 Mass. 611, 619 (1980); Hendrickson v. Sears, 365 Mass. 83, 83-84 (1974). McCue should have known, or reasonably should have known, by November 1995, that he was purportedly harmed by Nevin’s conduct in representing him in the underlying claim. McCue did not need to know the full extent of his injury during the representation, or even know that Nevins was negligent in order for the action to accrue. Id. See also Bowen v. Eli Lilly & Co., 408 Mass. 204, 206-208 (1990); Olsen v. Bell Tel. Lab., Inc., 388 Mass. 171, 175 (1983). Therefore, since McCue did not allege his claim of malpractice until February 1999, his claim under Count V is time barred under G.L.c. 260, §4.
Similarly, McCue’s claim for misrepresentation (Count III) is also subject to the three year tort statute of limitations. G.L.c. 260, §4. The record demonstrates that any alleged tortious misrepresentation by Nevins did not occur within the statute of limitations which began running on the date successor counsel entered the case in November 1995.
With respect to McCue’s c. 93A claim, the statute of limitations began to run in November 1995 when successor counsel entered the case. Pursuant to G.L.c. 260, §5A, c. 93A claims have a four year statute of limitations, and as McCue raised this claim within four years of November 1995, this claim (Count IV) is not barred by the statute of limitations. Accordingly, McCue’s c. 93A claim is stayed pending arbitration.
C. Motion to Stay Litigation Pending Arbitration
Nevins has moved to stay litigation pending arbitration on the grounds that the parties are compelled to arbitrate their fee dispute. As this court has ordered McCue and Nevins to arbitrate the fee dispute before the Board, the motion is allowed. Furthermore, as Starrett, the Board and the MBA were joined only as indispensable parties with regard to the arbitration issue, and this court has declared that they will hear the fee dispute, Starrett, the Board and the MBA are dismissed as defendants in this action.
ORDER
For the foregoing reasons, this court ORDERS that:
1) Defendant Paul Nevins’ motion for summary judgment is ALLOWED as to Counts I, II, III and V of plaintiffs complaint and DENIED as to Count IV of plaintiffs complaint;
2) Defendant Paul Nevins’ motion to stay litigation pending arbitration is ALLOWED-,
3) Plaintiff James McCue’s motion for sanctions is DENIED-,
4) The preliminary injunction issued April 28, 1999 is DISSOLVED-, and
5) The claims against defendants Lloyd Starrett, the Fee Arbitration Board of the Massachusetts Bar Association and against the Massachusetts Bar Association are DISMISSED.
Further, the court DECLARES that the parties are compelled to arbitrate their fee dispute before the Fee Arbitration Board of the Massachusetts Bar Association in accordance with the fee agreement executed between plaintiff James McCue and defendant Paul Nevins. If plaintiff does not show up to this arbitration, the arbitrator is free to proceed with the arbitration in absentia.