Houston, J.

INTRODUCTION

The plaintiffs filed the underlying complaint seeking declaratory relief pursuant to G.L.c. 231A and Rule 57 of the Massachusetts Rules of Civil Procedure. The plaintiffs seek a declaration that a condition precedent to arbitration of certain claims made on behalf of defendant Dimension Data (U.S.), Inc. (Dimension) has not occurred and therefore, a demand for arbitration, of such claims is not proper. The plaintiffs now move for a stay of arbitration pursuant to G.L.c. 251, §2(b).[3] The defendant moves for an order compelling arbitration and a stay of this action pending arbitration.[4] For the following reasons, plaintiffs’ motion is DENIED and defendant’s motions are ALLOWED.

BACKGROUND

On or about April 17, 2000, Dimension entered into a stock purchase agreement (Agreement) in which Dimension agreed to purchase the shares of Data Comm Systems, Inc. The Agreement set forth notice provisions and time limitations for indemnification and other remedies. The time limitation provision states in pertinent part: sellers will have no liability for indemnification with respect to any representation or warranty, or covenant or obligation to be performed and complied with prior to the closing date, other than those in Section 3.3 and 3.11, unless on or before January 17, 2001 buyer notifies sellers of a claim specifying the factual basis of that claim in reasonable detail to the extent then known by buyer. (Compl. Ex. A, Section 11.5.) In addition, the Agreement contains the following arbitration provision:
[a]ny controversy or claim arising out of or relating to this Agreement, or the negotiation of breach hereof, shall be settled by arbitration in New York City in accordance with the Rules of Commercial Arbitration of the American Arbitration Association (’AAA’) before three arbitrators.
*444 (Compl. Ex. A, Section 13.11).
By letter dated December 21, 2000, Dimension sent a notice of claims for indemnification under the Agreement to the plaintiffs. Dimension sent a supplementary notice and a second supplementary notice of claims for indemnification on January 17, 2001. The plaintiffs maintain that the defendant failed to satisfy the notice requirements because the defendant failed to specify the factual basis of the claims in reasonable detail.
The plaintiffs contend that they only agreed to arbitrate claims for indemnification meeting the notice requirements of the Agreement and Dimension has failed to satisfy the provisions set forth in Section 11.5. The plaintiffs further argue that the notice provision depicted in Section 11.5 is a condition precedent for a proper demand for arbitration.

DISCUSSION

A court may compel arbitration if a valid arbitration clause exists and the claims fall within the scope of the clause.[5] Section 13.11 of the Agreement provides that “[a]ny controversy or claim arising out of or relating to this Agreement” shall be settled by arbitration before the AAA. This is a valid, undisputed, expansive agreement to arbitrate. The parties did not provide for specific issues to be excluded from the invocation of the arbitration provision, therefore, the court will construe the arbitration provision as broadly as the parties intended. See Town of Danvers v. Wexler Const. Co., Inc., 12 Mass.App.Ct. 160, 163 (1981); Carter, Moore & Co. v. Donahue, 345 Mass. 672, 676 (1963).
In the absence of a clear statement by the parties that the arbitration provision does not apply to specific issues, this Court gives full effect to the intent of the parties to arbitrate the dispute. In addition, “ ‘any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.’ ” Carpenter v. Pomerantz, 36 Mass.App.Ct. 627, 633 (1994) (quoting Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983)). Accordingly, this Court finds that a determination as to the adequacy of the defendant’s notice is a matter for an arbitrator. See Carpenter v. Pomerantz, supra at 628.
For the aforementioned reasons, this Court finds that the plaintiffs’ allegations regarding notice fall within the scope of the arbitration clause, and therefore, plaintiffs’ motion to stay arbitration is DENIED and defendant’s cross-motion to compel arbitration is ALLOWED. In addition, defendant’s motion to stay this action pending arbitration is ALLOWED.

ORDER

It is hereby ORDERED that plaintiffs’ motion to stay arbitration be and hereby is DENIED.
It is hereby ORDERED that defendant’s motion to compel arbitration be and hereby is ALLOWED.
It is hereby ORDERED that defendant’s motion to stay this action pending arbitration be and hereby is ALLOWED.

 The court may stay an arbitration proceeding “if it finds that there is no agreement to arbitrate.” G.L.c. 251, §2(b).

 General Laws c. 251, §1 governs the validity of arbitration agreements and provides: “a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties shall be valid, enforceable and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract.”

 The plaintiffs filed this motion for stay of arbitration pursuant to G.L.c. 251, §2(b). However, in the plaintiffs’ memorandum of law in opposition to defendant’s cross motion for order compelling arbitration and staying this action pending arbitration, the plaintiffs maintain that “New York law should provide the rules of decision for the disposition of the current dispute, rather than the law of the Commonwealth of Massachusetts.” (Plaintiffs' Opp’n p. 4.) Remarkably, the plaintiffs state the following in a footnote: “(plrocedural rules and rules that are quasi-procedural in nature (such as those set forth in G.L. 251) (sic) are, of course, to be Massachusetts’ own." (Plaintiffs’ Opp’n p.4 n. 2.) The motions before the Court involve G.L.c. 251, §§1-2, and therefore, as the plaintiffs concede, Massachusetts law applies to the disposition of the present motions.