Curran, Dennis J., J.
Claudio Brandao and Rommel Lima have sued, on behalf of themselves and all others similarly situated, for alleged violations of the Independent Contractor Statute, G.L.c. 149, §148B, and the Wage Act, G.L.c. 149, §148, by Jan-Pro Franchising International, Inc. They allege that in contracts between themselves and BradleyMktg Enterprise, an “intermediate franchisor” of Jan-Pro, they were misclassified as independent contractors rather than employees, and were subject to improper fees and paycheck deductions. Jan-Pro now seeks to compel the arbitration of Mr. Brandao’s claims; because those claims “arise out of and [are] directly intertwined with” the contract between Mr. Brandao and Bradley, Jan-Pro is entitled to invoke that contract’s arbitration clause. Machado v. System 4 LLC, 471 Mass. 204, 211 (2015). For the same reason, Jan-Pro seeks to dismiss Mr. Lima’s claims under the forum selection clause of his contract with Bradley. For the reasons that follow, Jan-Pro’s motion must be allowed.
BACKGROUND
In 2004, Mr. Brandao signed a contract with Bradley to perform commercial cleaning work as a “unit franchiser.” In May 2008, Mr. Lima signed a similar, but not identical, unit franchise contract. Bradley entered into these unit franchise contracts under an intermediate franchise contract between itself and Jan-Pro, the “master franchisor.”
The unit franchise agreements stated that the plaintiffs would work as independent contractors, required them to pay Jan-Pro large franchise fees for the cleaning work they received, and mandated the use of Jan-Pro’s name, logo, practices, and procedures in their work. In addition, Jan-Pro deducted payments for insurance, supplies, and the like from the plaintiffs’ paychecks.
DISCUSSION
The plaintiffs allege that Jan-Pro misclassified them as independent contractors, in violation of the Independent Contractor Statute and, in accordance with that misclassification, charged them fees inappropriate to their true status as employees, in violation of the Wage Act. They contend that they are entitled to sue Jan-Pro because it is Bradley’s master franchisor, but that Jan-Pro cannot invoke the arbitration or forum selection clauses in their contracts because those contracts were signed only by Bradley. However, “[w]hen [a] signatory’s claims against a nonsignatory refer to .. . the existence of [a] written agreement that compels arbitration, the signatory’s claims may be considered to arise out of and be directly intertwined with that agreement, rendering arbitration appropriate.” Machado, 471 Mass, at 211.
In this case, if the contracts properly deemed the plaintiffs independent contractors, then their claims under both the Independent Contractor Statute and the Wage Act would fail. Therefore here, as in Machado, “a decisionmaker [assessing the merits of plaintiffs’ claims] would be compelled to . . . compare the rights and responsibilities assigned to the plaintiffs in the franchise agreements to the elements of employee status” in order to adjudicate their claims. Id. at 213-14. The contracts are central to Mr. Brandao and Mr. Lima’s claims against Jan-Pro, and so they must in turn abide by, respectively, the arbitration clause and the forum selection clause of those contracts.
The plaintiffs cannot evade their obligations by claiming that the complaint does not refer specifically to the unit franchise contracts, because it is their “actual dependence on [those agreements] in making out the claim[s] against” Jan-Pro that makes it appropriate to enforce the arbitration and forum selection clauses. Id. at 211 (citation omitted). Nor is Jan-Pro bound in this action by any inconsistent position it may have taken in a prior action regarding the enforceability of the unit franchising agreements. To the contrary, it is a foundational rule of pleading that even in the course of a single action, “[a] party may .. . state as many separate . . . defenses as he has regardless of consistency . . .” MassR.Civ.P. 8(e)(2).
Mr. Brandao’s argument that Jan-Pro has waived its right to arbitration is unpersuasive. The court perceives no “dilatoiy conduct” by Jan-Pro or “substantial prejudice” to Mr. Brandao as a result of Jan-Pro’s invocation of the arbitration clause. Carpenter v. Pomerantz, 36 Mass.App.Ct. 627, 632 (1994). Jan-Pro filed this motion before any discovery, promptly after the denial of its motion to dismiss, and relied upon a case issued some six weeks after the filing of that motion.
Likewise, although Mr. Lima contends that the forum selection clause is an unconscionable result of Jan-Pro’s “overweening bargaining power,” Karty v. *324 Mid-America Energy, Inc., 74 Mass.App.Ct. 25, 29 (2009), he has adduced no facts specific to his case, or evidence of unfair conduct by Jan-Pro, that would indicate such presence. Rather, he asserts simply that he is not a native English speaker and that the forum selection clause was not specifically highlighted, translated into his native Portuguese, and explained to him. To hold the clause unenforceable on these grounds, and thus charge Jan-Pro with the duty of explaining each clause to preserve its contractual rights, would relieve Mr. Lima of all responsibility for his signature and render meaningless the fundamental precept that “one who signs a written agreement is bound by its terms whether he reads and understands them or not.” St. Fleur v. WPI Cable Sys./Mutron, 450 Mass. 345, 355 (2008), citing Cohen v. Santoianni, 330 Mass. 187, 193 (1953).
CONCLUSION AND ORDER
The Supreme Judicial Court has spoken: a plaintiff who files suit against a master franchisor and asserts claims dependent upon a contract to which the master franchisor is a non-signatoiy must be prepared to be bound in turn by the arbitration and forum selection clauses of that same contract. Messrs. Brandao and Lima have done so here, and must so be bound. The defendant’s motion is ALLOWED; Mr. Brandao is hereby ORDERED to submit his claims against Jan-Pro to arbitration in accordance with the relevant clause of his unit franchising agreement; and this case must be DISMISSED.