HENDRY, Judge.
This is an interlocutory appeal by the bank from an order of the trial court appointing a receiver of a partnership dissolved by death.
The County National Bank ten years ago commenced a series of loans to Francis Kammer and Gloria Lebow, doing business as partners under the name of Kamm Painting Co. The loans, totaling approximately $56,000.00, were used to finance a painting job which the partnership had contracted to perform for the Turchin Construction Company. As security for the loans, the partnership assigned to the bank its right to payment from Turchin. After the work commenced, Francis Kam-mer left the state and has not been seen nor heard from for nine or ten years. Just prior to completion of the painting, Gloria Lebow died.
Thereafter, the bank attempted to collect payment from Turchin, however, the latter refused on the grounds that the bank stood in the shoes of its assignor, and the work had been performed in an unworkmanlike manner. The bank instituted suit against Turchin upon the contract, and subsequently settled the case for $21,000.00. The estate of Gloria Lebow also filed suit against Turchin for money allegedly due and owing over and above that due to the *107 bank. This suit was dismissed due to lack of prosecution. The estate then instituted the instant action alleging that the bank had “wiped out” the partnership’s claims against Turchin by wrongfully settling the case.
In its complaint, the estate acknowledged that upon the death of Gloria Lebow the right of action accrued to Francis Hammer, the surviving partner. The complaint stated that Hammer has left the jurisdiction and the administratrix has been unable to locate him-. Therefore, the estate requested that the court appoint a guardian ad litem to prosecute the cause in Hammer’s name. The trial court entered an order on June 28, 1971, appointing Mr. Richard Lapidus as guardian ad litem. The bank then moved for summary judgment and as one ground therefor alleged that the cause was not being prosecuted by' a plaintiff who is the real party in interest or who has standing to sue, and further that no basis in law exists for prosecution by a guardian ad litem. Thereafter, the court entered its order appointing Mr. Lap-idus as receiver of Hamm Painting Co., a partnership dissolved by death, and all of its assets, including the right of action in the instant lawsuit.
Appellant’s point on appeal is that appointment of a receiver was error, since Francis Hammer, the surviving partner, has never been served with process nor given notice of the proceedings. We agree, and accordingly reverse.
Ordinarily a partnership is dissolved by the death of a partner. Hirsch v. Bartels, Fla.1950, 49 So.2d 531. The personal representative of a deceased partner has no right to interfere in the partnership business, so long as the surviving partner proceeds in good faith to settle its affairs. 24 Fla.Jur. Partnership § 114. We do not think that the estate through a receiver could sue on behalf of an absent surviving partner whose whereabouts are unknown and where the court has not acquired jurisdiction over the surviving partner’s person.
The appointment of a receiver is discretionary with the court, but before the court may get to the point of exercising its discretion, it must be satisfied that it has jurisdiction over the parties and the subject matter. Clark on Receivers, 3rd Ed., Vol. 1, p. 60. “It is well-settled by the authorities that a receivership is merely ancillary to the main cause of action, and not an independent remedy, and can only be resorted to in a pending action brought to obtain specific relief which the court has jurisdiction to grant.” Akers v. Corbett, 138 Fla. 730, 190 So. 28.
Therefore, for the reasons stated and upon the authorities cited, the order appealed is reversed and the cause is remanded for further proceedings not inconsistent with the views expressed herein.
Reversed and remanded.