654 So.2d 1241 (1995)
Lloyd and Nikki HOUGH, Appellants,
v.
JKP DEVELOPMENT, INC., etc., et al., Appellees.
No. 95-82.
District Court of Appeal of Florida, Third District.
May 10, 1995.
Rehearing Denied June 14, 1995.
Rollnick Rosen Linden Steinman & Levy, and Charles M. Levy, Coral Gables, for appellants.
Samuel Spatzer and Saul J. Sack, Coral Gables, for appellees.
Before HUBBART, GODERICH and GREEN, JJ.
PER CURIAM.
This is an appeal by the defendants Lloyd and Nikki Hough from an interlocutory order of the trial court compelling the parties to arbitrate in an action in which the plaintiff JKP Development, Inc. seeks to foreclose a construction lien. We have jurisdiction to entertain the interlocutory appeal. Art. V, § 4(b)(1), Fla. Const.; Fla.R.App.P. 9.130(a)(3)(C)(v).
Although the contract between the parties provides for arbitration of the instant dispute, we conclude that the plaintiff waived its contractual arbitration rights by filing the action below, without simultaneously requesting a stay and an order compelling arbitration, and thereafter filing certain responsive and other pleadings in the case. It is true that the day after the action was filed, the plaintiff sent a letter to the American Arbitration Association requesting arbitration in this matter, but the plaintiff failed to inform the trial court of this request. It was only after (a) the defendants had filed an answer, affirmative defenses, and a counterclaim, and *1242 (b) the plaintiff had filed a reply to the affirmative defenses, a motion to dismiss the counterclaim, and a motion to strike the defendants' request for attorneys' fees, that the plaintiff filed a motion to compel arbitration  approximately eight weeks after the action was originally filed.
This court in Lapidus v. Arlen Beach Condominium Association, 394 So.2d 1102, 1103 (Fla. 3d DCA 1981), states the applicable law:
"Florida courts recognize that a party's contractual right to arbitration may be waived by actively participating in a lawsuit or taking action inconsistent with that right. Klosters Rederi A/S v. Arison Shipping Company, 280 So.2d 678 (Fla. 1973); Ojus Industries, Inc. v. Mann, 221 So.2d 780 (Fla. 3d DCA 1969). Filing an answer without asserting the right for arbitration acts as waiver, King v. Thompson & McKinnon, Auchincloss Kohlmeyer, Inc., 352 So.2d 1235 (Fla. 4th DCA 1977); as does initiating legal action without seeking arbitration, Seville Condominium v. Clearwater Development Corp., 340 So.2d 1243 (Fla. 2d DCA 1976) [opinion by Grimes, J.] and counterclaiming without raising the issue of arbitration, Mike Bradford & Co. v. Gulf States Steel Co., 184 So.2d 911 (Fla. 3d DCA 1966)." (emphasis added).
Because the plaintiff in the instant case (1) instituted the construction lien action below, without simultaneously applying to the trial court for a stay and an order compelling arbitration, and (2) thereafter actively litigated the case by filing various responsive and other pleadings in the cause, as indicated above, the plaintiff has clearly waived its contractual right to arbitration in this case.
For the above-stated reason, the order under review compelling arbitration is reversed and the cause is remanded to the trial court with directions to deny the plaintiff's motion to compel arbitration.
Reversed and remanded.