898 So.2d 159 (2005)
DOCTORS ASSOCIATES, INC., d/b/a Subway Restaurants, Inc., Subway Development Corp., and Sager Development, Inc., Appellants,
v.
Homer THOMAS, Appellee.
No. 4D03-4356.
District Court of Appeal of Florida, Fourth District.
March 9, 2005.
*160 Robert D. McIntosh and Rachel M. Coe of Adorno & Yoss, P.A., Fort Lauderdale, for appellants.
Kenneth D. Cooper, Fort Lauderdale, for appellee.
BLANC, PETER D., Associate Judge.
The issue before this court is whether the trial court erred in denying appellant's Motion to Dismiss or in the Alternative, to Stay Pending Arbitration. We determine *161 that appellant's right to arbitrate the claim brought by appellee was neither terminated nor waived and, thus, reverse and remand this case for proceedings consistent with this opinion.
Homer Thomas (hereinafter "Thomas") entered into a franchise agreement with Doctors Associates, Inc. (hereinafter "DAI") to operate a Subway sandwich shop on Commercial Boulevard in Fort Lauderdale, Florida. The franchise agreement contained an arbitration clause which read in part as follows:
Any dispute or claim arising out of or relating to this Agreement not settled by the parties according to the mediation procedures set out in Subparagraph 10.a above, shall be settled in accordance with the Expedited Procedures of the Commercial Arbitration Rules of the American Arbitration Association ... at Bridgeport, Connecticut.
Mr. Thomas, through a series of subleases and assignments, also entered into a real estate lease on the Commercial Boulevard property with Subway Restaurants, Inc. (hereinafter "Subway Restaurants"), a real estate leasing company affiliated with DAI. The real estate sublease did not contain an arbitration clause. However, the assignment of the sublease to Thomas contained a provision that in the event that Thomas, the lessee, defaulted under the terms of the franchise agreement, Subway Restaurants would have the contractual right to bring an eviction action to regain possession of the premises. See Doctor's Assocs., Inc. v. Stuart, 85 F.3d 975, 978 (2d Cir.1996).
The parties arbitrated a contractual dispute arising from the franchise agreement and on February 9, 1998, an arbitrator found that Mr. Thomas had breached the franchise agreement as a result of unpaid royalties due pursuant to the agreement and had, thereby, forfeited his right to the use of trade names, trademarks, and any other items indicative of a franchise relationship. The arbitrator's award was confirmed by judgment dated February 14, 2001. Mr. Thomas appealed that judgment and this court affirmed. See Thomas v. Doctors Assocs., Inc., 821 So.2d 1080 (Fla. 4th DCA 2002).
On May 6, 2002, Thomas filed a complaint against DAI and its agents, Sager Development and Subway Development Corp., which included counts for fraud, for an accounting, and for intentional interference with a contractual relationship. In the complaint, Thomas alleged that he paid DAI all amounts due under the franchise agreement covering the Commercial Boulevard store and that DAI had falsely and fraudulently charged him for monies owed pursuant to a second and separate franchise agreement between Thomas and DAI for a second Subway sandwich shop located on Las Olas Boulevard. Thomas alleged that DAI was improperly seeking to collect the monies owed pursuant to the Las Olas Boulevard franchise agreement as part of the Commercial Boulevard franchise agreement.
On May 24, 2002, DAI filed a motion to dismiss or, in the alternative, to stay the action in favor of arbitration. It appears from the record that this motion was not heard until October 14, 2003.
In the interim, on or about January 23, 2003, Subway Restaurants brought an eviction action against Thomas to regain possession of the leased premises on Commercial Boulevard. DAI was not a party to the eviction. Subway Restaurants brought the eviction action based upon the February 14, 2001, judgment confirming the arbitrator's earlier finding that Thomas had breached the franchise agreement. At some point the eviction action was voluntarily dismissed.
On October 14, 2003, the trial court denied appellant's Motion to Dismiss or Stay *162 Pending Arbitration. There is no transcript of this hearing. The order itself simply states, "the Motion to Dismiss based on arbitration clause and all other issues in the motion is denied."
Thomas first argues on appeal that because the franchise agreement was terminated, the arbitration requirement was also terminated. DAI argues that this is being raised for the first time on appeal. There is no record showing that this argument was raised at the trial level. Even though not preserved, we address Thomas' argument briefly in order to reject it. Although it is created by contract, the duty to arbitrate does not necessarily end upon contract termination. In Harmer v. Doctor's Associates, Inc., 781 F.Supp. 1225 (E.D.Mich.1991), and Milbar Medical Co. v. Medicis Pharmaceutical Corp., 741 So.2d 1198, 1199 (Fla. 4th DCA 1999), the court held that an arbitration provision in a licensing agreement, out of which the dispute arose, survived the termination of the agreement where the parties did not exclude arbitration arising after termination. See also Nolde Bros. v. Local No. 358, Bakery & Confectionery Workers Union, AFL-CIO, 430 U.S. 243, 255, 97 S.Ct. 1067, 51 L.Ed.2d 300 (1977). Since the franchise agreement between DAI and Thomas did not exclude arbitration for disputes arising after termination, the arbitration clause survived after termination of the agreement.
Next, Thomas argues that DAI waived its right to arbitrate because its leasing company, Subway Restaurants, brought an eviction action to terminate the sublease under which Thomas operated his franchise store. Thomas also argued that DAI waived its right to arbitrate as a result of prior eviction actions brought against Thomas. DAI again points out that opposition to the motion based upon prior eviction actions is being raised for the first time on appeal. Again, there is no record before the court establishing that this argument was raised at the trial level and properly preserved. It is not appropriate for a party to raise an issue for the first time on appeal. See JTA Factors, Inc. v. Philcon Servs., Inc., 820 So.2d 367, 370 (Fla. 3d DCA 2002) (citing Dade County Sch. Bd. v. Radio Station WQBA, 731 So.2d 638 (Fla.1999)). An appellate court may not consider matters outside the record. See Gilman v. Dozier, 388 So.2d 294 (Fla. 1st DCA 1980); Finchum v. Vogel, 194 So.2d 49 (Fla. 4th DCA 1966); Sheldon v. Tiernan, 147 So.2d 593 (Fla. 2d DCA 1962). The record at the trial level is quite sparse and lacks any specificity regarding the basis for the denial of the motion. There is no reference at the trial level to prior eviction actions so we are precluded from considering that argument. We are, therefore, left to determine whether the eviction action brought by Subway Restaurants in January 2003 supports the trial court's finding that appellant waived its right to arbitrate.
The question of waiver is one of fact, reviewable for competent substantial evidence. See Marine Envtl. Partners, Inc. v. Johnson, 863 So.2d 423, 426 (Fla. 4th DCA 2003). All questions about waivers of arbitration should be construed in favor of arbitration rather than against it. See Miller & Solomon Gen. Contractors, Inc. v. Brennan's Glass Co., 824 So.2d 288, 290 (Fla. 4th DCA 2002).
It is well settled that a party who actively participates in a lawsuit waives the right to arbitration. See Hirschfeld v. Crescent Heights X, Inc., 707 So.2d 955, 956 (Fla. 3d DCA 1998). Active participation in a suit works as a waiver because it is generally presumed to be inconsistent with the intent to arbitrate. See Miller & Solomon, 824 So.2d at 290. However, in the case below, the May 2003 eviction action was brought by Subway Restaurants, *163 Inc., not DAI, and was brought pursuant to a sublease which did not contain an arbitration clause. Subway Restaurants had the right to litigate the eviction action pursuant to its sublease without effectively waiving DAI's right to arbitrate pursuant to the franchise agreement. This conclusion is not changed by the fact that the earlier breach of the franchise agreement is the basis upon which the eviction action was pursued.
On the other hand, the claims brought by Thomas in his May 6, 2002 complaint against DAI are clearly brought pursuant to the franchise agreement and are arbitrable pursuant to that same agreement. Therefore, it was error to deny DAI's Motion to Dismiss or Stay Pending Arbitration.
DAI also claims that the arbitration clause should be extended to its agents, Subway Development and Sager Development, which have acted on its behalf. However, the franchise agreement is between DAI and Thomas. Non-signatories may be bound to an arbitration agreement if dictated by ordinary principles of contract law and agency. See Liberty Communications, Inc. v. MCI Telecomm. Corp., 733 So.2d 571, 574 (Fla. 5th DCA 1999). This is an issue of fact that does not appear to have been addressed by the trial court. Accordingly, we reverse the trial judge's Order Denying DAI's Motion to Dismiss or Stay Pending Arbitration with direction for the entry of an order granting the motion. Further, we remand to the trial court to determine whether Sager Development and Subway Development Corp. are entitled to the benefits of arbitration in the same proceeding.
HAZOURI and MAY, JJ., concur.