912 So.2d 41 (2005)
SUMMIT BROKERAGE SERVICES, INC., a Delaware corporation, Appellant,
v.
Richard PARKER, Appellee.
No. 4D04-2359.
District Court of Appeal of Florida, Fourth District.
August 24, 2005.
Rehearing Denied October 11, 2005.
*42 John D. Boykin of Boose, Casey, Ciklin, Lubitz, Martens, McBane & O'Connell, West Palm Beach, for appellant.
J. Jeffrey Deery and Richard B. Weinman of Winderweedle, Haines, Ward & Woodman, P.A., Orlando, for appellee.
PER CURIAM.
Summit, the plaintiff, is the former employer of Parker. Both are members of the National Association of Securities Dealers (NASD). After six months of active litigation, Parker moved for dismissal based on lack of subject matter jurisdiction, pointing to an arbitration clause in the NASD membership agreement requiring all disputes between members to be subject to arbitration. The court granted dismissal.
We reverse, as the record reflects that for the six months prior to the dismissal, Parker took actions inconsistent with a claim for arbitration.
Parker filed an answer with affirmative defenses without any reference to arbitration. He also moved for summary judgment on the merits, filing two affidavits of support and requesting the court to reserve jurisdiction to award attorney's fees. By actively engaging in litigation, actions inconsistent with his right to arbitrate, Parker waived arbitration. See Woodall v. Green Tree Fin. Servicing Corp., 755 So.2d 681 (Fla. 4th DCA 1999) (holding that filing a motion for summary judgment in response to a complaint contesting the merits of the issues operated as a waiver of the right to arbitrate); Breckenridge v. Farber, 640 So.2d 208, 211 (Fla. 4th DCA 1994) (holding that securities broker waived right to arbitrate by active participation in lawsuit by filing motions, answer and affirmative defenses without raising arbitration issue, and participating in protracted litigation by filing pleadings and motion for summary judgment).
As Parker's arbitration rights are effectively waived by his conduct, the trial court has jurisdiction. We, therefore, reverse and remand for further proceedings.
STONE, SHAHOOD and MAY, JJ., concur.