939 So.2d 1159 (2006)
INVERRARY GARDENS CONDOMINIUM I ASSOCIATION, INC., Appellant,
v.
Nancy SPENDER, Appellee.
No. 4D05-3810.
District Court of Appeal of Florida, Fourth District.
October 25, 2006.
Robin F. Frydman of Law Offices of Robin F. Frydman, Hollywood, for appellant.
Caryn Goldenberg Carvo of Carvo & Emery, P.A., Fort Lauderdale, for appellee.
SHAHOOD, J.
This is an appeal by Inverrary Gardens Condominium I Association, Inc. ("Association"), from the non-final order of the trial court granting plaintiff Nancy Spender's motion to compel arbitration of Count I of her amended complaint. We reverse and remand.
In 1993, Spender entered into an employment contract with the Association to be its manager. The contract provided for a two-year term of employment. It was renewed several times and was last set to expire on March 16, 2003. The contract included an arbitration clause that provided as follows:
It is hereby agreed by both parties that any disputes which may arise out of this contract will be submitted to binding arbitration, as a final solution. All attorney's fees and arbitrations [sic] costs, on both sides for such disputes will be absorbed by the condominium association.
In December 2001, Harry Ward, a director of the Association, filed suit in Broward County Circuit Court seeking a temporary injunction and appointment of a receiver. Ward alleged that the Association, under Spender's management, was engaged in acts of gross mismanagement, neglect, fraud, and dishonesty. Ward obtained an ex parte order issuing an injunction and appointing a receiver, Robert Goldstein. The order barred Spender and everyone employed by the Association from access to the Association premises without the permission of the receiver or court order.
*1161 Spender filed a complaint, which she subsequently amended, against the Association, Ward, and Goldstein. Count I alleged breach of contract against the Association. Count II alleged defamation against all defendants for having stated that Spender was dishonest, irresponsible, incompetent, and had engaged in fraud. Spender also served a request to produce and filed a notice of demand for jury trial.
Thereafter, Spender filed a motion for partial summary judgment on the breach of contract count. After a hearing, the trial court entered partial summary judgment in favor of Spender. The court found that there was no genuine issue of material fact, and that Spender had been terminated involuntarily. The partial summary judgment ordered the Association to pay Spender the sum of $95,011.44.
After obtaining the partial summary judgment, Spender took action to execute upon it. She obtained writs of garnishment on several banks. She served a request to produce in aid of execution. She scheduled a deposition in aid of execution and served a subpoena on a third party witness. She filed a motion to compel, motion for contempt, and motion for sanctions against a third-party witness, and obtained an order compelling discovery and awarding sanctions. She also filed a motion for appointment of a receiver to aid in execution upon judgment.
The Association appealed the partial final summary judgment in favor of Spender on the breach of contract count. This court reversed and remanded. Inverrary Gardens Condo. I Ass'n v. Spender, 898 So.2d 1206, 1207 (Fla. 4th DCA 2005). Subsequent to remand, Spender filed a motion to compel arbitration of the breach of contract claim. The trial court granted the motion, resulting in the present appeal.
The issue for review is whether the trial court erred when it determined that Spender's claim should be arbitrated. The Association urges this court to reverse the trial court's order granting Spender's motion to compel arbitration. The Association contends that despite knowing of her right to arbitrate prior to initiating the suit, Spender waived arbitration by actively participating in the litigation and taking action inconsistent with a desire to arbitrate. We agree.
"A party claiming waiver of arbitration must demonstrate: 1) knowledge of an existing right to arbitrate and 2) active participation in litigation or other acts inconsistent with the right." Breckenridge v. Farber, 640 So.2d 208, 211 (Fla. 4th DCA 1994)(citing Mike Bradford & Co. v. Gulf States Steel Co., 184 So.2d 911, 915 (Fla. 3d DCA 1966)). "The question of waiver is one of fact, reviewable for competent substantial evidence. All questions about waivers of arbitration should be construed in favor of arbitration, rather than against it." Doctors Assocs., Inc. v. Thomas, 898 So.2d 159, 162 (Fla. 4th DCA 2005) (citations omitted).
In Hough v. JKP Development, Inc., 654 So.2d 1241 (Fla. 3d DCA 1995), the Third District addressed a claim that a party had waived its right to arbitration. Prior to moving to compel arbitration, the plaintiff in Hough filed the action without requesting arbitration, and filed various responsive and other pleadings. 654 So.2d at 1241. The court of appeals concluded that the plaintiff had actively litigated at the trial level. Id. at 1242. The court held that by such action, combined with its failure to request arbitration at the time of filing suit, plaintiff had waived its contractual arbitration rights. Id.
The Association further argues that Spender waived arbitration by filing and prosecuting a motion for summary judgment. This court has previously found the bringing of a motion for summary judgment on the merits inconsistent with a *1162 party's right to arbitrate. See Summit Brokerage Servs., Inc. v. Parker, 912 So.2d 41, 42 (Fla. 4th DCA 2005). In Summit, the defendant filed an answer with affirmative defenses that contained no reference to arbitration. 912 So.2d at 42. He also filed a motion for summary judgment on the merits and asked the court to reserve jurisdiction to award attorney's fees. Id. After six months of litigation, he moved to dismiss for lack of subject matter jurisdiction pursuant to an arbitration clause in the parties' contract. Id. The trial court granted the motion. Id. This court reversed and remanded, finding that the defendant had actively engaged in the litigation, and that his actions were inconsistent with a claim for arbitration. Id.; see also Woodall v. Green Tree Fin. Servicing Corp., 755 So.2d 681, 682 (Fla. 4th DCA 1999) (holding that filing a motion for summary judgment on the merits and affidavits on the facts operated as waiver of party's right to arbitrate).
In this case, Spender's failure to request arbitration at the time she filed suit indicates that she waived this contractual right, as does her filing of a motion for summary judgment on the merits. Furthermore, Spender litigated this action for a considerable length of time before seeking arbitration. In Hough, only eight weeks passed between the time the suit was filed and the time the plaintiff moved to compel arbitration. 654 So.2d at 1242. In this case, that time period is over two and one-half years, during which time Spender filed an amended complaint, obtained partial summary judgment, took steps to execute on that judgment, had summary judgment reversed by this court, engaged in discovery, and filed other motions. We also note that when the trial court saw the arbitration clause in the Agreement at a previous hearing in this case and asked why the matter was not in arbitration, Spender's counsel informed the court that arbitration had been waived by both sides.
Spender claims that her actions in the litigation to this point were based upon the mistaken belief that the Association did not wish to arbitrate and intended to waive its right to arbitration. Spender contends that both parties' mutual mistakes regarding waiver of arbitration operate to prevent her waiver of arbitration in this case. We find this argument to be without merit.
Based on all of the foregoing, we hold the trial court erred in granting Spender's motion to compel arbitration. We reverse and remand in accordance with this opinion.
Reversed and Remanded.
FARMER and TAYLOR, JJ., concur.