SCHWARTZ, Senior Judge.
 

 In a suit by the owners of condominium units against the association for money damages arising out of the latter’s alleged failure properly to maintain and repair the common elements, see All Seasons Condo.
 
 Ass’n v. Busca,
 
 985 So.2d 1143 (Fla. 3d DCA 2008)(reversing summary judgment for plaintiffs), the trial court appointed a receiver for the association, apparently in order to conduct that process more efficiently. See also
 
 Busca v. All Seasons Condo. Ass’n,
 
 983 So.2d 1212 (Fla. 3d DCA 2008)(affirming denial of motion for receiver). The association appeals and we reverse with directions to vacate the order because there is simply no cognizable basis for such an appointment in such a case.
 
 Akers v. Corbett,
 
 138 Fla. 730, 190 So. 28 (1939)(appointment of receiver must be pursuant and subsidiary to primary claim);
 
 County Nat'l Bank of N. Miami Beach v. Stern,
 
 287 So.2d 106 (Fla. 3d DCA 1973)(same);
 
 Apalachicola N. R.R. Co. v. Sommers,
 
 79 Fla. 816, 85 So. 361 (1920)(appointment of a receiver improper in absence of fraud, self dealing, or waste of secured asset);
 
 McAllister Hotel v. Schatzberg,
 
 40 So.2d 201 (Fla.1949) (same);
 
 Conlee Constr. Co. v. Krause,
 
 192 So.2d 330 (Fla. 3d DCA 1966) (same).
 

 Reversed.