CRENSHAW, Judge.
 

 Metro-Dade Investments, Co. (Metro-Dade), and Santa Barbara Landings Property Owner’s Association, Inc. (Santa Barbara), appeal a nonfinal order denying the appointment of a receiver. Because the trial court erred as a matter of law by concluding that it did not have the authority to appoint a receiver in this case, we reverse and remand for further proceedings.
 

 I. The Factual and Procedural Background
 

 In February 2009, Metro-Dade and Santa Barbara filed an amended complaint for damages and other relief against Granada Lakes Villas Condominium Association, Inc. (GLVCA), Velinda Straub, Paolo Ferrari, Michael Orofino, and KW Property Management Consulting, LLC (collectively Granada Lakes), based on what they con
 
 *594
 
 sidered to be improper management of Granada Lakes Villas, condominiums located in Collier County, Florida. Metro-Dade was the developer of Granada Lakes Villas and still owns 55 of the 248 condominiums in the complex. Granada Lakes Villas is a subdivision of the larger development of Santa Barbara Landings, which is managed by Santa Barbara.
 

 Metro-Dade, Santa Barbara, and GLVCA initially agreed to have the same property manager oversee all of the condominiums in Granada Lakes Villas and to have the owners of all of the condominiums collectively pay the fees and assessments to GLVCA. But a falling-out among the parties resulted in the condominiums being managed by two separate entities, and Metro-Dade and Santa Barbara alleged that GLVCA failed to pay them the related expenses owed after collecting its condominium fees and assessments. Metro-Dade and Santa Barbara maintained that as a result of GLVCA’s failure to pay, Metro-Dade and Santa Barbara were unable to pay for utilities and maintenance expenses for the common areas of Granada Lakes Villas.
 

 In December 2010, Metro-Dade and Santa Barbara filed an emergency motion to appoint a receiver, arguing that the appointment was necessary to administer the collection of GLVCA’s monthly assessments and to perform an accounting of the moneys owed. The trial court conducted a hearing and appointed a receiver. However, Granada Lakes filed a motion for rehearing, contending that the trial court had no statutory basis to appoint a receiver under sections 617.1432, 718.117, and 718.1124, Florida Statutes (2010). After conducting a rehearing in February 2011, the trial court agreed with Granada Lakes and found that it did not have the authority to appoint a receiver. This appeal follows.
 

 II. The Standard of Review
 

 “The appointment of a receiver rests within the sound discretion of the trial court and, therefore, the trial judge’s decision should not be disturbed unless an abuse of discretion is clearly shown.”
 
 Puma Enters. Corp. v. Vitale,
 
 566 So.2d 1343, 1344 (Fla. 3d DCA 1990). But if the trial court was incorrect in its determination that it did not have the authority to appoint a receiver, this decision is an incorrect application of an existing rule of law, not an abuse of discretion.
 
 See Canakaris v. Canakaris,
 
 382 So.2d 1197, 1202 (Fla.1980) (discussing differences between the two standards and holding “the manner of appellate review is altogether different”). “A question of law, as opposed to a question of fact, receives de novo review by this court.”
 
 Henderson v. Henderson,
 
 905 So.2d 901, 903 (Fla. 2d DCA 2005).
 

 III. Discussion
 

 “The power to appoint a receiver ... lies in the sound discretion of the chancellor to be granted or withheld
 
 according to the facts and circumstances of the particular case.” Ins. Mgmt., Inc. v. McLeod,
 
 194 So.2d 16, 17 (Fla. 3d DCA 1966) (emphasis added);
 
 see also Edenfield v. Crisp,
 
 186 So.2d 545, 549 (Fla. 2d DCA 1966) (“The power to appoint a receiver is
 
 always
 
 one that is inherent in a Court of equity .... ” (emphasis added)). Similar to the argument advanced below, Granada Lakes contends that sections 617.1432, 718.117, and 718.1124 specifically limit when a receiver can be appointed for a nonprofit condominium association like GLVCA. Granada Lakes also argues that the Third District’s decision in
 
 All Seasons Condominium Ass’n v. Busca,
 
 8 So.3d 434 (Fla. 3d DCA 2009), which involved an action brought by the owners of condominium units against a condominium associa
 
 *595
 
 tion for money damages arising out of the association’s failure to properly maintain and repair common elements, is analogous to this case.
 

 We disagree with Granada Lakes’ assertion that sections 617.1432, 718.117, and 718.1124 restrict the right of a trial court to appoint a receiver in
 
 any
 
 action concerning a nonprofit corporation or condominium association. If we were to follow Granada Lakes’ argument, then the only time a receiver could ever be appointed would be during the dissolution of a nonprofit corporation, after a natural disaster when members of a condominium’s board of directors are unable or refuse to act, or when a condominium association fails to fill vacancies on its board of directors to constitute a quorum in accordance with its bylaws.
 
 See
 
 §§ 617.1432(1), 718.117(7)(a), 718.1124(1). We do not construe any of these statutes to restrict a trial court’s broad, equitable authority to appoint a receiver; rather, the statutes merely cite to specific instances when a receiver may be appointed. Similarly, there is no language pertaining to receivers in Florida Rule of Civil Procedure 1.620 that discusses any of the statutory restrictions advanced by Granada Lakes.
 

 Moreover, we do not find
 
 All Seasons
 
 to be on point. In
 
 All Seasons,
 
 the Third District summarily held that “there [was] simply no cognizable basis for such an appointment in such a case.” 8 So.3d at 435. The cases the appellate court relied upon in support of its conclusion pertained to a proper appointment of a receiver pursuant to a primary claim or in conjunction with the presence of fraud, self-dealing, or waste of a secured asset.
 
 Id. All Seasons
 
 does not cite to sections 617.1432, 718.117, and 718.1124 in support of its holding.
 

 Here, the trial court clearly stated that it was denying Metro-Dade and Santa Barbara’s motion because it believed it lacked the statutory authority to do so. Hence, the trial court erred as a matter of law because its right to appoint a receiver in this instance is inherent in a court of equity, not a statutorily created right. We note, however, that on rehearing the trial court did not appear to readdress the underlying basis for the initial appointment of the receiver. Therefore, on remand the trial court may exercise its discretion on whether to appoint a receiver.
 

 Reversed and remanded for further proceedings.
 

 CASANUEVA and MORRIS, JJ„ Concur.