PER CURIAM.
Granada Lakes Villas Condominium Association (“Granada”) argues that the Second District Court of Appeal in Metro-Dade Investments, Co. v. Granada Lakes Villas Condominium, Inc., 74 So.3d 593 (Fla. 2d DCA 2011), erred because sections 617.1432, 718.117, and 718.1124, Florida Statutes (2010), restrict a trial court’s inherent, equitable authority to appoint a receiver in an action involving a condominium association.[1] For the reasons expressed below, we approve the Second District’s holding that these statutes do not restrict a trial court’s equitable authority to appoint a receiver.
I. FACTS
Metro-Dade Investments Company (“Metro-Dade”) was the developer of Granada Lakes Villas, which is a subdivision of a larger condominium complex known as Santa Barbara Landings in Collier County, Florida. Metro-Dade, 74 So.3d at 594. Metro-Dade still owns several of the condominium units in the complex. Id. Owners of the condominium units must pay fees and assessments to both the master association, Santa Barbara Landings Property Owner’s Association (“Santa Barbara”), and the condominium association, Granada. See id. Initially, it was agreed that Granada would collect all of the fees *758 and assessments and then pay Metro-Dade and Santa Barbara the related expenses for the common areas. See id. However, a financial dispute arose, and in 2009, Metro-Dade and Santa Barbara filed an amended complaint for damages and other relief against Granada and other individuals associated with Granada, alleging that Granada failed to pay Metro-Dade and Santa Barbara the related expenses after collecting the joint fees and assessments. See id. at 593-94. According to the complaint, as a result of Granada’s failure to pay, Metro-Dade and Santa Barbara were unable to pay for utilities and maintenance expenses for the common areas of Granada Lakes Villas, which has resulted in ongoing health nuisances on the property.
Subsequently, in 2010, Metro-Dade filed an emergency motion for the appointment of a receiver over Granada in order to facilitate the collection of the fees and assessments from the unit owners and to perform a proper accounting. Id. at 594. Initially, the trial court orally granted the motion to appoint a receiver. Id. However, upon rehearing, the trial court determined that it lacked the statutory authority to appoint a receiver in this case. Id. Specifically, the trial court acknowledged that it “has been unable, [despite] the fact that this case was filed in 2009[,] to have an accounting produced by [Granada]” and “a receiver would be of great assistance to both the [c]ourt and the parties[,]” but held that “[t]here is no statutory basis which authorizes the [c]ourt to appoint a receiver.” “Florida Statute 718 specifically defines the circumstances upon which the [c]ourt may appoint a receiver[, and t]he circumstances that confront this [c]ourt are-not enumerated.”
On appeal, the Second District reversed and remanded for the trial court to exercise its discretion on whether to appoint a receiver because “the trial court erred as a matter of law because its right to appoint a receiver in this instance is inherent in a court of equity, not a statutorily created right.” Id. at 595. Specifically, the Second District found that sections 617.1432, 718.117, and 718.1124 do not “restrict a trial court’s broad, equitable authority to appoint a receiver; rather, the statutes merely cite to specific instances when a receiver may be appointed.” Id. We approve the Second District’s decision.[2]
II. ANALYSIS
A receiver is “[a] disinterested person appointed by a court, or by a corporation or other person, for the protection or collection of property that is the subject of diverse claims.” Black’s Law Dictionary 1383 (9th ed. 2009). The power to appoint a receiver has long been recognized as one that is inherent in a court of equity, which “lies in the sound discretion of the chancellor to be granted or withheld according to the facts and circumstances of the particular case.” Ins. Mgmt., Inc. v. McLeod, 194 So.2d 16, 17 (Fla. 3d DCA 1966); see also Lehman v. Trust Co. of Am., 57 Fla. 473, 49 So. 502, 503-04 (1909) (acknowledging that the power to appoint a receiver lies in the court’s discretion and listing certain principles that a court should consider when exercising its equitable power to appoint a receiver); Edenfield v. Crisp, 186 So.2d 545, 549 (Fla. 2d DCA 1966) (“The power to appoint a receiver is always one that is inherent in a [c]ourt of equity.”).
*759 Equitable receiverships are a creation of common law, which this Court has stated should be reserved for cases involving fraud, self-dealing, or waste. See McAllister Hotel v. Schatzberg, 40 So.2d 201, 202-03 (Fla.1949); Apalachicola N.R. Co. v. Sommers, 79 Fla. 816, 85 So. 361, 362 (1920) (explaining that appointment of a receiver is proper to prevent fraud, destruction or loss of property, or self-dealing).
On the other hand, a statute can authorize the appointment of a receiver, and statutory receiverships may serve a different role or purpose than an equitable receivership. For instance, the Florida Statutes authorize the appointment of a receiver in several situations that do not involve any of the common law grounds of fraud, self-dealing, or waste for the appointment of an equitable receiver. See, e.g., § 393.0678, Fla. Stat. (2012) (authorizing the appointment of a receiver for a “residential habilitation center or a group home facility owned and operated by a corporation or partnership” under certain circumstances); § 607.1432, Fla. Stat. (2012) (authorizing the appointment of a receiver for the purpose of winding up and liquidating a corporation); § 658.79, Fla. Stat. (2012) (authorizing the appointment of a receiver for an insolvent bank for the purpose of taking charge of the assets and affairs of the bank).
In this case, Granada contends that the court’s power to appoint a receiver in cases involving a non-profit condominium association like Granada is limited to the enumerated circumstances set forth in sections 617.1432, 718.117, and 718.1124, Florida Statutes. Specifically, section 718.1124(1) provides that a unit owner may petition the court for the appointment of a receiver to manage the affairs of the condominium association if the “association fails to fill vacancies on the board of administration sufficient to constitute a quorum.” Section 718.117(7)(a) provides that if there is a natural disaster and members of the condominium association’s board of directors cannot be found, fail to act, or are unable or refuse to act, any interested person can file a petition “to determine the identity of the directors or ... to appoint a receiver to conclude the affairs of the association.” And section 617.1432 provides that a receiver may be appointed for the purpose of liquidating and winding up the affairs of a non-profit corporation. However, nothing in the statutory language of these sections expressly prohibits or even implies that these enumerated circumstances are the only instances in which a court may appoint a receiver in cases involving a non-profit condominium association. Rather, instead of restricting a court’s power to appoint a receiver, these statutory provisions authorize a court to appoint a receiver under certain enumerated circumstances that do not involve any of the common law grounds for the appointment of an equitable receiver.
Furthermore, this conclusion is supported by the fact that there are multiple cases in which a receiver has been appointed over a condominium association in circumstances that do not fall within those enumerated in sections 617.1432, 718.117, and 718.1124. See, e.g., Inverrary Gardens Condo. I Ass’n, Inc. v. Spender, 939 So.2d 1159, 1160 (Fla. 4th DCA 2006) (explaining that a receiver was appointed to manage the affairs of a condominium association due to allegations that “under Spender’s management [the condominium association] was engaged in acts of gross mismanagement, neglect, fraud, and dishonesty”); Buckley Towers Condo., Inc. v. Buchwald, 340 So.2d 1206, 1207-09 (Fla. 3d DCA 1976) (finding that the trial court did not abuse its discretion in appointing a receiver to manage and distribute funds *760 held by the association because the association continued to refuse to pay the monies owed to the appellee despite a court order instructing it to do so).
Accordingly, we find that a court’s inherent equitable power to appoint a receiver over a non-profit condominium association like Granada is not limited to the enumerated categories set forth in sections 617.1432, 718.117, 718.1124.
III. CONCLUSION
For the reasons explained above, we approve the decision of the Second District in Metro-Dade, and disapprove the Third District’s decision in All Seasons to any extent that it is inconsistent with this opinion.
It is so ordered.
POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.

. We have jurisdiction based on express and direct conflict with the Third District Court of Appeal's decision in All Seasons Condominium Ass’n, Inc. v. Busca, 8 So.3d 434 (Fla. 3d DCA 2009). See art. V, § 3(b)(3), Fla. Const.

. We review pure questions of law de novo. S. Baptist Hosp. of Fla., Inc. v. Welker, 908 So.2d 317, 319 (Fla.2005).