DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PAULA F. LEVY,**
Appellant,

v.

**ROBERT I. LEVY,**
Appellee.

No. 4D18-3535

[April 17, 2019]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Samantha Schosberg Feuer, Judge; L.T. Case No. 50-2018-DR-010336-XXXX-SB.

Ellen S. Morris of Elder Law Associates PA, Boca Raton, for appellant.

Ilene Nodarse, agent for the appellee under Durable Power of Attorney.

DAMOORGIAN, J.

Paula Levy ("Wife") appeals the trial court's order denying her petition for non-dissolution alimony from Robert Levy ("Husband"). We reverse because the court incorrectly determined that it did not have legal authority to grant Wife's petition because of Husband's potential incapacity.

Wife petitioned the court for alimony unconnected with dissolution pursuant to section 61.09, Florida Statutes.[1] The petition alleged that Husband was ill and would soon be placed in a skilled nursing facility and that Wife consequently needed monthly alimony to pay their expenses.

---

[1] Section 61.09, Florida Statutes (2018), provides:

> If a person having the ability to contribute to the maintenance of his or her spouse and support of his or her minor child fails to do so, the spouse who is not receiving support may apply to the court for alimony and for support for the child without seeking dissolution of marriage, and the court shall enter an order as it deems just and proper.

Wife attached a marital property settlement agreement providing that Husband agreed to pay Wife the requested amount of monthly alimony. The settlement agreement was signed on behalf of Husband by his agent as designated in Husband's durable power of attorney. The durable power of attorney, which was also attached to the petition, specifically provided that Husband authorized the agent to, amongst other things, "support and/or continue to support any person whom I have taken to support or to whom I may owe an obligation of support, in the same manner and in accordance with the same standard of living as I may have provided in the past." It further provided that the durable power of attorney would not be terminated by Husband's subsequent incapacity.

The record reflects that the petition was addressed during a uniform motion calendar hearing. The court ultimately denied the petition, reasoning that it was unable to legally order alimony due to concerns regarding Husband's potential incapacity. Although the court acknowledged the durable power of attorney in its order, it did not make any findings regarding the validity of the instrument or the agent's authority to act thereunder. This appeal follows.

Ordinarily, we review a court's decision to award or deny alimony for abuse of discretion. *Addie v. Coale,* 120 So. 3d 44, 46 (Fla. 4th DCA 2013). However, because the issue of whether a court has legal authority to act is a pure issue of law, we apply the de novo standard of review. *See Metro-Dade Invs., Co. v. Granada Lakes Villas Condo., Inc.,* 74 So. 3d 593, 594 (Fla. 2d DCA 2011).

The sole issue in this case is whether Husband's potential incapacity legally precluded the court from awarding otherwise uncontested alimony. Wife argues that it did not because, regardless of Husband's incapacity, the durable power of attorney specifically authorized the agent to act on his behalf. We agree.

The entire purpose of a durable power of attorney, as opposed to a regular power of attorney, is to "show the principal's intent that the authority conferred is exercisable notwithstanding the principal's subsequent incapacity." § 709.2104, Fla. Stat. (2017); *see also* § 709.2102(4), Fla. Stat. (2017) (defining the word "durable," with respect to a power of attorney, as meaning "not terminated by the principal's incapacity"). By denying alimony based on Husband's potential incapacity, the court failed to give effect to Husband's intent under the durable power of attorney to designate an agent to act on his behalf notwithstanding his subsequent incapacity. As neither the validity of the durable power of attorney nor the agent's authority to act thereunder

2

appear to be in dispute, the court was authorized to award alimony despite Husband's potential incapacity.

Accordingly, we reverse and remand for further proceedings consistent with this opinion.

*Reversed and remanded.*

CONNER and FORST, JJ., concur.

*　　*　　*

***Not final until disposition of timely filed motion for rehearing.***