DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**PHILIP C. IGLEHART, DAVID C. IGLEHART** and **PCI, LLC,**
Appellants,

v.

**MITBANK USA, INC.,** a Florida corporation, and **DAVID McINTOSH,**
Appellees.

Nos. 4D19-86 and 4D19-87

[November 20, 2019]

Consolidated appeals of a nonfinal order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Lisa S. Small, Judge; L.T. Case Nos. 50-2018-CA-003874-XXXX-MB and 50-2018-CA-009155-XXXX-MB.

Michael J. Napoleone and Katherine A. Coba of Day Pitney LLP/Richman Greer, West Palm Beach, for appellants.

Scott Cole of Cole Scott & Kissane, Miami, for appellee, Mitbank USA, Inc., a Florida corporation.

Curtis Alva of Alva & Gleizer, PLLC, West Palm Beach, and Rodolfo Sorondo, Jr. of Holland & Knight LLP, Miami, for appellee, David McIntosh.

GROSS, J.

Philip Iglehart, David Iglehart, and PCI, LLC appeal a nonfinal order denying their motion to compel arbitration. We reverse the order because the trial court erred in concluding that appellants had waived arbitration.

The relationship between two agreements is at the center of this case. There is a land trust agreement which created the Bluefield Ranch Mitigation Bank Trust. The trust agreement named Philip Iglehart and David McIntosh as co-trustees. In his capacity as a co-trustee of the land trust, Philip Iglehart signed a management agreement establishing the duties of MitBank, USA, Inc. as the trust manager.

The land trust agreement contains an arbitration clause stating that "[a]ll disputes arising out of, or in any way relating to, this Agreement shall

be resolved by arbitration."  The management agreement contained this venue provision:

> Venue for the adjudication of **any dispute** under **this Agreement** shall be in Palm Beach County, Florida, and the parties **consent to the jurisdiction of the appropriate courts exercising jurisdiction over such disputes in Palm Beach County, Florida**.

(Emphasis supplied).

Philip Iglehart sued MitBank in the circuit court of Palm Beach County alleging breaches of the *management* agreement.  Contemporaneously with the filing of the complaint, Iglehart filed and served discovery requests on MitBank.  In a second amended complaint, Iglehart complied with a court order to add McIntosh as a party defendant to the management agreement litigation.

McIntosh filed a separate lawsuit against all three appellants alleging breaches of the *trust* agreement.  Appellants responded to service of the complaint with a motion to compel arbitration.  Later, McIntosh and MitBank filed counterclaims and crossclaims in the first case alleging that appellants committed torts and breached certain duties under the trust agreement, as well as the management agreement.  Iglehart and the other appellants moved to (1) sever the counterclaims and (2) compel arbitration.

The circuit court denied appellants' motions to compel arbitration, ruling that Iglehart's initial lawsuit conflicted with the arbitration clause, so that his pursuit of litigation and discovery amounted to a waiver of the right to arbitrate.

Waiver is the intentional relinquishment of a known right.  Typically, Florida courts have found that arbitration has been waived where a litigant has knowingly engaged in conduct that is inconsistent with the right to arbitrate.  *See*, *e.g.*, *Doctors Assocs., Inc. v. Thomas*, 898 So. 2d 159, 162 (Fla. 4th DCA 2005) (explaining that a party who actively participates in a lawsuit waives the right to arbitration because active participation is "generally presumed to be inconsistent with the intent to arbitrate") (citation omitted); *Inverrary Gardens Condo. I Ass'n, Inc. v. Spender*, 939 So. 2d 1159, 1161-62 (Fla. 4th DCA 2006) (determining that the filing of a motion for summary judgment on the merits was inconsistent with a party's right to arbitrate).

This case is different from the cases finding a waiver of arbitration because the parties entered into two related agreements with different dispute resolution provisions. Although the land trust agreement broadly states that all disputes relating to the agreement shall be arbitrated, the management agreement plainly states that the parties "consent" to the jurisdiction of Palm Beach County courts for the "adjudication of any dispute under this Agreement."

One fair reading of the interplay between these agreements is that all disputes arising out of or in any way relating to the trust agreement shall be arbitrated, except for disputes under the management agreement, which shall be resolved in the courts. Where agreements are entered into contemporaneously, they should be construed to give effect to all provisions of both agreements. *See, e.g., J. M. Montgomery Roofing Co. v. Fred Howland, Inc.*, 98 So. 2d 484, 486 (Fla. 1957) ("[W]here an agreement is evidenced by two or more writings, the writing must be construed together."; *Huntington on the Green Condo. v. Lemon Tree I-Condo.*, 874 So. 2d 1, 4 (Fla. 5th DCA 2004) ("[W]here two contracts are part and parcel of the same general transaction, they may under some circumstances be interpreted together.") (citation omitted).

At oral argument, appellees contended that the venue provision in the management agreement applies to a minute sliver of potential matters that involve the management agreement but which do not arise out of or in any way relate to the trust agreement. The likelihood of such potential matters existing approaches absolute zero. It is unreasonable to construe the two related agreements in a way that nullifies an express provision of one of them.

Iglehart's initial lawsuit concerned breaches of only the management agreement. Appellants cannot be said to have knowingly waived arbitration of matters concerning the trust agreement by complying with the venue provision required by the management agreement.

We reverse the order denying appellants' motion to compel arbitration and remand to the circuit court for further proceedings consistent with this opinion.

MAY and KUNTZ, JJ., concur.

\*       \*       \*

*Not final until disposition of timely filed motion for rehearing.*

- 3 -