# Third District Court of Appeal

## State of Florida

Opinion filed April 27, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-2259
Lower Tribunal No. 18-26185
_____

**Veronica Ross-Williams, etc., et al.,**
Appellants,

vs.

**Linda Leali, Receiver,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Barbara Areces, Judge.

Keystone Law Firm, P.A., and Frank Wolland and Eliezer S. Poupko, for appellants.

Haber Law, P.A., and Steven W. Davis, for appellee.

Before LOGUE, SCALES and GORDO, JJ.

SCALES, J.

Appellants Veronica Ross-Williams, Jalyl Hausaf, Alex Hernandez, Jonathan Madden and Claudette Doyley (together, Appellants) appeal an October 19, 2021 trial court order (the "Order") that granted appellee Linda Leali's motion to broaden the scope her receivership of a condominium association. We reverse the Order because the receivership was authorized and initiated pursuant to Florida's proceedings supplementary statute, and the receiver's principal duty was to satisfy an outstanding judgment of a creditor of the association; therefore, broadening the receivership after the judgment was satisfied constituted reversible error.

## I. Facts

The facts in this case are not disputed. In January 2019, a $72,805 money judgment was entered against Brookview Association, Inc. ("Brookview"), a 99-unit condominium association governed by chapter 718 of the Florida Statutes. The judgment was assigned to Casa Financial Holdings, LLC ("Casa Financial") in August 2021. Casa Financial obtained a Judgment Lien Certificate and had the Clerk of the Circuit Court issue a writ of execution.

Brookview did not pay the judgment, so on September 2, 2021, Casa Financial, pursuant to sections 56.10 and 56.29 of the Florida Statutes, filed a post-judgment motion seeking to invoke proceedings supplementary and

2

have a receiver appointed for Brookview. Casa Financial's motion sought a post-judgment "receivership [that] would be the least disruptive method of collection and is less harsh than either garnishment of [Brookview's] operating funds or levy upon [Brookview's] assets."

The trial court granted Casa Financial's receivership motion and commenced proceedings supplementary. On September 13, 2021, the trial court entered a post-judgment receivership order, appointing a receiver for Brookview. The order specifically acknowledges that the receivership is authorized by sections 56.10 and 56.29. While this receivership order gives the receiver broad powers over Brookview, importantly, the order contains the following limitation language: "This is a post judgment receivership. Therefore, the primary fiduciary duty of the Receiver is to make payment to the judgment creditor in the above-captioned matter."

On October 5, 2021, the receiver, having become aware that one of Brookview's officers would be satisfying Casa Financial's judgment, filed an ex-parte motion in the proceedings supplementary seeking to expand her duties well beyond those necessary to satisfy Casa Financial's judgment. The receiver's motion and accompanying affidavit expressly acknowledged the impending satisfaction of Casa Financial's judgment, yet the receiver, noting numerous concerns with operations of Brookview unrelated to Casa

3

Financial's outstanding judgment, requested the trial court to broaden the receivership to provide the receiver plenary authority over Brookview, with all powers and remedies granted a condominium association under chapter 718. On October 6, 2021, Casa Financial filed a notice of satisfaction of its judgment.[1] The following day, the president of Brookview's board filed an emergency motion to discharge the receiver.

Rather than discharging the receiver, the trial court, on October 19, 2021, entered the Order which had been appended to the receiver's motion as a proposed order. The Order gave the receiver "full operational authority of and for the Association." As in the initial post-judgment receivership order, the Order grants the receiver full judicial immunity and requires the posting of no bond. The Order provides no end date for the receivership.

Appellants, who are members of Brookview's board of directors, timely appealed the Order. We entered a stay of the Order pending the outcome of this appeal.

**II. Discussion[2]**

---

[1] It bears noting that Casa Financial did not join in the receiver's motion and, as our record reflects, Casa Financial, since filing its satisfaction of judgment, has had no further involvement with this case at either the trial court level or in this Court's appellate proceedings.

The trial court initially appointed a receiver pursuant to the authority of section 56.10,[3] in a post-judgment proceeding supplementary initiated pursuant to section 56.29.[4] Proceedings supplementary provide a judgment creditor with useful remedies to satisfy a judgment. See Mejia v. Ruiz, 985 So. 2d 1109, 1112 (Fla. 3d DCA 2008). Once the outstanding judgment is satisfied, the statutory authority for a post-judgment receiver logically

---

[2] We review a trial court's appointment of a receiver for an abuse of discretion. Puma Enters. Corp. v. Vitale, 566 So. 2d 1343, 1344 (Fla. 3d DCA 1990).

[3] This provision reads as follows:

> If an execution cannot be satisfied in whole or in part for lack of property of the corporate judgment debtor subject to levy and sale, on motion of the judgment creditor the circuit court in chancery within whose circuit such corporate judgment debtor is or has been doing business, or in which any of its effects are found, may sequestrate the property, things in action, goods and chattels of the corporate judgment debtor for the purpose of enforcing the judgment, and may appoint a receiver for the corporate judgment debtor. A receiver so appointed is subject to the rules prescribed by law for receivers of the property of other judgment debtors. His or her power shall extend throughout the state.

§ 56.10, Fla. Stat. (2021).

[4] Section 56.29 describes the procedure for a judgment creditor to invoke proceedings supplementary to execution, and the statute specifically authorizes trial courts to adjudicate a judgment creditor's post-judgment claims to assist in the collection of judgments.

ceases, because the purpose for this statutory receivership – marshalling and managing the debtor's assets to pay the outstanding judgment – ceases.

While trial courts have the broad and inherent discretion to appoint a receiver and to establish the receiver's duties, see Granada Lakes Villas Condo. Ass'n v. Metro-Dade Invs. Co., 125 So. 3d 756, 758 (Fla. 2013); Puma Enters. Corp., 566 So. 2d at 1344, nothing in chapter 56 authorizes a receivership created pursuant to section 56.10 to continue beyond the satisfaction of the outstanding judgment that triggers availability of proceedings supplementary; and nothing in either chapter 56 or chapter 718 authorizes a section 56.10 receiver, after satisfaction of a judgment against a condominium association, to take over plenary operations of the condominium association.

To be clear, pursuant to the initial receivership order, the receiver owed fiduciary duties to Brookview; hence, we do not fault the receiver for pointing out and seeking to rectify deficiencies in the operation of Brookview. Similarly, we acknowledge the trial court's well-intentioned desire for its appointed receiver to not only ensure that the outstanding judgment be satisfied, but also to rectify other operational problems within Brookview. But once Casa Financial's judgment against Brookview was satisfied, the statutory authority for the proceedings supplementary receivership ended. It

6

was incumbent upon any party aggrieved by other operational deficiencies in Brookview to seek remedies and redress through avenues outside of Casa Financial's proceedings supplementary action against Brookview.[5]

We therefore are compelled to reverse the Order and remand for proceedings consistent with this opinion.

Reversed and remanded.

---

[5] We note that Florida condominiums are subject to extensive regulation under chapter 718 and condominium associations are regulated by the Division of Florida Condominiums, Timeshares, and Mobile Homes of the Department of Business and Professional Regulation, which has promulgated administrative rules to effectuate the provisions of chapter 718.